Mary Eliza Northrop, in equity,

*vs.*

Clarence Hale, administrator.[*]

Cumberland. Opinion December 15, 1881.

*Gift. Savings bank deposit. Trust.*

Where A deposited in a savings bank money in the name of B, but without her knowledge, "sub. to A," in the books of the bank, and on the bank pass book, received the dividends and such portion of the principal as she

---

[*] See following case.

required for her own use, and held the pass book always in her possession till her death; *Held*, that there was not a gift *inter vivos*. That there was no trust in favor of B. That if there was a trust, B was trustee for the depositor, and could not claim or hold the deposit in her own right.

ON bill and agreed statement of facts.

The opinion states the case.

*Drummond and Drummond*, for the plaintiff.

We do not claim a gift or *donatio causa mortis*, but the creation of a trust in favor of the complainant. The money passed from Mrs. Robinson to the bank and was held in trust by it for somebody. For whom? Does it not appear beyond question that she intended it for Northrop, unless she revoked the trust, as we admit she had the power to do.

An illustration of this kind of trust, is found in the taking out of a policy of life insurance for the benefit of another. The policy is in the name of the insured, he pays the premiums and keeps the policy, yet the beneficiary is entitled to the money. Bliss on Life Insurance, § § 317, 341; *Burroughs* v. *Assurance Co.* 97 Mass. 359; *Gould* v. *Emerson*, 99 Mass. 154; *Knickerbocker L. Ins. Co.* v. *Weitz*, 99 Mass. 157. See *Stone* v. *Hackett*, 12 Gray, 227, which is on all fours with the case at bar; also *Hunnewell* v. *Lane*, 11 Met. 163; *Wall* v. *Prov. Inst. for Savings*, 3 Allen, 96; *McCluskey* v. *Prov. Inst. for Savings*, 103 Mass. 300; *Farrelly* v. *Ladd*, 10 Allen, 127; *Brabrook* v. *Boston Five Cent Savings Bank*, 104 Mass. 228; *Howard* v. *Windom Co. Savings Bank*, 40 Vt. 597; *Ray* v. *Simmons*, 11 R. I. 266; *Minor* v. *Rogers*, 40 Conn. 512; *Blaisdell* v. *Locke* 52 N. H. 238; *Gardner* v. *Merritt*, 32 Md. 78; *Martin* v. *Funk*, 75 U. S. 134.

It may be stated generally, we believe, that in all the cases in which the deposit was made in the name of the *cestui que trust*, the trust has been sustained, unless evidence was introduced to show the intention of the depositor was not to create a trust.

*Clarence Hale*, for the defendant, cited:

*Stone* v. *Bishop*, 4 Clifford, 593; S. C. 6 Reporter, 706; *Gerrish* v. *New Bedford Ins. for Sav.* 128 Mass. 159; *Hill* v.

*Stevenson,* 63 Maine, 364; *Ray* v. *Simmons,* 11 R. I. 266; Am. Law Reg. vol. 15, N. S. 701; *Minor* v. *Rogers,* 40 Conn. 512; *Gardiner* v. *Merritt,* 32 Mo. 78; *Blasdel* v. *Locke,* 52 N. H. 238; *Howard* v. *Windham Bank,* 40 Vt. 597; *Warriner* v. *Rogers,* L. R. 16 Eq. 340; U. S. Revised Statutes, § 3408, p. 669; *Taylor* v. *Henry,* 48 Md. 550; Albany Law Journal, vol. 20, p. 387; Smith, Leading Cases, vol. 1, 34 *et seq.*; *Stone* v. *Hackett,* 12 Gray, 227; Perry on Trusts, § § 96 and 99, and cases cited: *Hatch* v. *Aitckison,* 56 Maine, 324; *Taylor* v. *Henry,* 48 Md. 550; *Murray* v. *Cannon,* 41 Md. 466; *Brabrook* v. *Boston Five Cent Savings Bank,* 104 Mass. 228; *Powers* v. *Prov. Ins. for Sav.* 124 Mass. 377; *Clark* v. *Clark,* 108 Mass. 522; *Chase* v. *Breed,* 5 Gray, 440; *Grover* v. *Grover,* 24 Pick. 261; *Martin* v. *Funk,* 75 N. Y. 134; *Young* v. *Young,* N. Y. 21 Albany Law Journal, 395; *Antrobus* v. *Smith,* 12 Ves. 39; *Bunn* v. *Winthrop,* 1 Johns. Ch. 329; *Roberts* v. *Roberts,* 11 Jurist, 992; Perry on Trusts, § 126; *Pembroke* v. *Allenstown,* 21 N. H. 107; Hill on Trustees, § § 83, 84; *Moore* v. *Moore,* 38 N. H. 382.

APPLETON, C. J.    On the tenth of June, eighteen hundred and seventy-four, Eliza M. Robinson, deposited in the Portland Savings Bank, two thousand dollars, taking a bank book, headed as follows:

"No. 20607. Portland Savings Bank, in account with Mary Eliza Northrop," and above this name was written "Sub. to E. M. Robinson." On the first page, below the heading, is the following:

|  | Dolls. | Cts. |
|---|---|---|
| "1874.  June 10. To dep. (two thousand) | 2000 | 00." |

The account was entered on the books of the bank in the same manner as on the bank or pass book. Mrs. Robinson was childless, and the complainant is a daughter of her nephew. The bank book she retained during her lifetime, and it was in her possession at the time of her death, January 9, 1879. She drew the dividends as they accrued, and twenty-five dollars of the principal, and used the sums so drawn, entirely for her own use. It does not appear that the complainant ever knew of the fact of the deposit as made.

Here was no gift *inter vivos.* "To constitute a donation *inter vivos,* there must be a gift absolute and irrevocable," observes SHEPLEY, C. J., in *Dole* v. *Lincoln,* 31 Maine, 428, "without any reference to its taking effect at some future period. The donor must deliver the property, and part with all present and future dominion over it." Here the bank book remained in the possession of Mrs. Robinson. The funds deposited, ever remained subject to her control. She drew money as she needed it. Nobody else could draw the funds. There never was a moment of time from the day of the deposit to that of the death of the depositor, when this complainant had any title to the money deposited, or any right to control its disposition. By the very terms of the deposit, as entered on the books of the bank, and in the pass book, it was "sub [subject] to Mrs. E. M. Robinson," and her conduct and that of the bank, was in entire accordance with such view. The entry in the pass book decisively establishes the proposition that here was no complete and perfect gift. *Murray* v. *Cannon,* 41 Maine, 466. "To make such a gift perfect and complete," observes ALVEY, J., in *Taylor* v. *Henry,* 48 Md. 550, "there must be an actual transfer of all right and dominion over the thing given by the donor, and an acceptance by the donee, or some competent person for him; and it is essential to the validity of such gift, that it should go into effect, that is, transfer the property at once and completely; for if it has reference to a future when it is to operate as a transfer, it is but a promise without consideration, and cannot be enforced either at law or in equity." A declaration of an intention to give, is not a gift. The donor must be divested of, and the donee invested with the right of property. The indispensable essentials of a gift, delivery to the donee, and loss of dominion over it by the donor, are wanting. *Geary* v. *Page,* 9 Bosworth, 297. In *Robinson* v. *Ring,* 72 Maine, 141, the question here presented, was decided adversely to this complainant. It was there held that in case of a deposit in a savings bank by A, in the name of B, that in the absence of any declaration of trust at the time of the deposit, or subsequently of any delivery of the pass book to B, that the deposit belonged to the estate of the depositor. In *Brabrook* v.

*Boston Five Cent Savings Bank*, 104 Mass. 230, the deposit was made by a father, as trustee of his daughter, thus, "A B, trustee for C D" but the father always retained the pass book in his possession, but upon proof that it was his money, and upon proof that he had a deposit in his own name, and that this one was made in his daughter's name, because the amount of both exceeded the amount which the law allowed the bank to hold for a single depositor, it was held that the daughter could not recover. In *Clark* v. *Clark*, 108 Mass. 522, the doctrine of the case last cited, was affirmed. In *Stone* v. *Bishop*, 4 Cliff. 593, the deposit was as follows: "No. 3749. A. C. Jackson, in trust for George Carpenter, December 31, 1863, deposited one hundred and fifty-two twenty-eight one hundredths dollars." The bank pass book was delivered to and retained by Jackson. No notice was given of the deposit to the alleged *cestui que trust*, and it was held that the title to the money remained in the depositor. In the case at bar, there was not merely no notice at any time of the deposit, and no delivery to the complainant of the pass book, but a complete control of the deposit, reserved to the depositor and exercised by her.

The savings bank book, if given to Miss Northrop as trustee, was given to her as trustee of the depositor. It is a case of a resulting trust, as where upon the purchase of property, the title is taken in the name of one person, while the consideration is paid by another, a resulting trust arises in favor of the party from whom the consideration proceeded, the person named in the conveyance holding the estate conveyed as his trustee. The natural presumption is, that he who supplies the money means the purchase to be for his own benefit, rather than that of another, and that the conveyance is in the name of such other person as a matter of convenience, and for other collateral purposes. "The same doctrine is applied to cases where securities are taken in the name of another person. As if A takes a bond in the name of B, for a debt due to himself, B will be a trustee of A for the money." 2 Story, Eq. § 201.

If there is a trust in the case at bar, it is for the depositor. There is no language indicating a trust for the complainant, but

the reverse, that it was for the depositor, subject to her control, and controlled by her. This negatives a trust for the complainant.

There has been no delivery of the bank book. This case was before the court to determine whether parol evidence was admissible to show the intention of the depositor, either at the time of the deposit or subsequently. Such evidence was held admissible, but none such has been offered. Neither did the depositor declare herself as trustee, or as making the deposit for a *cestui que trust,* for whom she was trustee. *Northrop* v. *Hale,* 72 Maine, 275.

"It is well setted, that where a trust is once completely and effectually created, whether by a formal instrument or by parol, where a parol declaration of a trust is sufficient, the trust is beyond revocation, by the simple act of the donor." *Taylor* v. *Henry,* 48 Maryland, 550; *Kilpin* v. *Kilpin,* 1 M. & K. 520; *Adlington* v. *Cann,* 3 Atk. 151.

Here there was no such trust. There never was a moment when the depositor had not entire control of the funds, and when she could not have revoked the trust, if there had been one created.

The bill is not to enforce a trust for the benefit of the estate of Mrs. Robinson, but for that of the complainant, to whom nothing has been given in his own right.

*Bill dismissed.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

*Gift. Savings bank deposit. Trust.*

