MATTHEW TELFORD

*v.*

LIVONIA J. PATTON.

*Filed at Mt. Vernon, November 3, 1892.*

1. PROMISSORY NOTE — *certificate of deposit.* A certificate of deposit showing the deposit in bank of a sum of money payable to the order of the depositor, in current funds on its return one year after date, with six per cent interest for the time specified, but no longer, is, in law and in fact, a promissory note.

2. SAME — *disposal of by gift.* A promissory note is not the subject of disposal as a gift, either *inter vivos* or *mortis causa,* without an actual delivery of it.

3. GIFT — *donatio causa mortis — its requisites.* There are three requisites to constitute a *donatio causa mortis :* (1) The gift must be with a view to the donor's death; (2) it must have been made to take effect in the event of the donor's death by his existing disorder; and (3) there must be an actual delivery of the subject of the donation.

4. SAME — *inter vivos — requisites of.* It is essential to a donation *inter vivos* that the gift be absolute and irrevocable; that the giver part with all present and future dominion over the property given; that the gift go into effect at once, and not at some future time; that there be a delivery of the thing given to the donee, and that there be " such a change of possession as to put it out of the power of the giver to repossess himself of the thing given."

5. SAME — *of the delivery.* To make such a gift the delivery of the thing given must be made with the intent to vest the title in the donee. But the delivery may be constructive, as of a key, or a part for the whole. It may be to a third person for the benefit of the donee, instead of being made directly to the donee himself.

6. SAME — *gift inter vivos distinguished from a gift causa mortis.* A gift *inter vivos* is chiefly distinguished from a gift *causa mortis* by the facts that the former is not made in view of expected or impending death, and that it is not revocable in its nature.

7. A certificate of deposit may be the subject of a valid gift *causa mortis,* but it must be indorsed and delivered to the donee so as to vest in him complete title, or so delivered without indorsement as to create an equitable assignment of the fund it represents, divesting the donor of all control and dominion over it.

8. SAME — *delivery to third party as agent.* When a delivery is made to a third party, in order that the latter may deliver the subject

of the gift to the donee, as agent of the donor, the gift is not complete until there is an actual delivery to the donee; and until the gift is completed by delivery, the donor can revoke the agent's authority and resume possession of the gift. The death of the donor before delivery by the agent revokes the agent's authority, and he can not then make a valid delivery.

9. When the delivery is to a third person as trustee for the donee, and not as agent for the donor, such delivery completes the gift, and the death of the donor will not revoke it; but, to make out such a case, the circumstances should show a full relinquishment of dominion over the property to the trustee for the purposes of the trust.

10. SAME — *deposit of money in the name of another.* Where money is deposited in bank in the name of a third person, but the deposit book or certificate of deposit is retained by the depositor in his own possession, the title to such fund will not pass to such person in the absence of any declaration of trust or circumstances showing an intention to vest the title.

11. A man deposited in a bank $2600 in the name of an intimate lady acquaintance some eight months before his death, taking a certificate of deposit in her name, which he never delivered to her or to any one for her. At the time of the deposit he made no declaration of trust in her favor, and never wrote to her on the subject, and she was ignorant of any such deposit until after his death: *Held,* that there was no gift of the money to the party in whose name it was deposited, and that the certificate of deposit passed on his death to his administrator.

12. TRUST — *evidence of — deposit of money in name of another.* To constitute a trust there must be either an explicit declaration thereof, or circumstances showing beyond a reasonable doubt that one was intended to be created. It can not be implied from a mere deposit of money by one person in the name of another.

13. CERTIFICATE OF DEPOSIT — *taken by one in the name of another — evidence of ownership.* Where a party made a deposit in bank in the name of another, but never delivered the certificate thereof to such other person, and made no declaration of trust at the time or afterward, in an action of replevin by such person against the administrator of the depositor, the court instructed the jury that, if they believed, from the evidence, such party deposited the money in the name of and for the use and benefit of the plaintiff and took from the bank a certificate of deposit payable to the plaintiff, then the plaintiff was entitled to recover: *Held,* that the instruction was erroneous, as ignoring the question of delivery, and leaving it to the jury to find whether or not the deposit was made for the use of the plaintiff, in addition to and separate from the finding as to whether or not such deposit was made in the name of the plaintiff, there being no proof of a deposit for her use and benefit in addition to or separate from the mere fact that the plaintiff's name was inserted in the

certificate, and also for the reason that the instruction presented the question whether or not a trust was established, when the real question was, whether or not there was a gift to the plaintiff.

APPEAL from the Appellate Court for the Fourth District ; — heard in that court on appeal from the Circuit Court of Jefferson county ; the Hon. C. S. CONGER, Judge, presiding.

This is an action of replevin, begun on January 14, 1891, in the Circuit Court of Jefferson county, by the appellee against the appellant, who is the administrator of the estate of Samuel Telford, deceased, to recover the possession of the certificate of deposit hereinafter described. The declaration contains four counts, two of which are in trover. The pleas are *non cepit, non detinet,* not guilty, and special pleas alleging property in Samuel Telford at the time of his death, and in his said administrator since his death. The certificate was placed in the hands of the clerk of the court, to be held subject to the order of the court. The case was tried before a jury, who found the issues for the plaintiff, and that the right of possession of the certificate and of property therein was in the plaintiff. By the judgment of the Circuit Court, which has been affirmed by the Appellate Court, the clerk was ordered to deliver the certificate to the plaintiff. The case is brought here by appeal from the Appellate Court.

The certificate in question is as follows : " First National Bank of Springfield, Mo. May 1, 1889. L. J. Patton has deposited in this bank $2600.00, payable to the order of himself, in current funds, on return of this certificate, one year after date, with six per cent interest for the time specified, and no longer. A. J. Clements, Cashier. No. 2603." The proof tends to show that on May 1, 1889, said Samuel Telford deposited $2600 of his own money in said bank, and received therefor said certificate ; that on January 15, 1890, said Samuel Telford died intestate at Eureka Springs, Arkansas, a bachelor,

and sixty-five years old; that this certificate, so far as is known, never left his possession from the day of its date to the day of his death, and was found, together with other certificates of deposit issued to him in his own name, aggregating over $12,000, and some notes, mortgages, etc., in a pocket-book taken from the inside pocket of a vest which he wore when he died; that he never communicated to the bank officers, or to any other person, any facts concerning said certificate, or his intentions in relation thereto; that he never wrote or spoke to appellee about it, and that she had no knowledge of its existence until after his death; that he was one of a family of eight or nine children who lived in Marion county and the adjoining counties, and had at one time acted for three or four years as deputy sheriff of Marion county; that he was a peculiar man, living most of the time away from his relatives; economical, reticent, and so secretive that even his most intimate friends knew nothing about his business or affairs; that he had known appellee, now over forty-eight years old, from her girlhood; that for twenty years before his death he visited her, wrote to her when he was away from her, sent her his photograph, paid no attentions to any other woman, she receiving no attentions from any other man, though there is nothing to show that any engagement of marriage ever existed between them; that his effects at the time of his decease amounted to about $27,000, including said certificate; that a few days before his death he was observed to " sign or endorse some papers, bank papers of some kind," saying that he was doing so in order that the money might be drawn without the appointment of an administrator, but he made no endorsement or memorandum of any kind upon the certificate in question; that he kept a daily expense account, and made annual statements of his assets, investments, gains and expenses, etc.; that about two weeks before his death he made such a statement, found in his pocket-book, showing that he was worth $27,140.46, that amount corresponding with the notes, certificates, money, etc.,

found in his room by including the amount of the certificate therein.

The proof also tends to show that the appellee herein has a brother named Lewis J. Patton, living in Kansas. This brother, however, testifies that he is not the L. J. Patton referred to in the certificate; that he never made a deposit in said bank; that he never had any business with deceased, and makes no claim to the money. The appellee, Livonia J. Patton, claims that she is the person referred to in the certificate, although it recites that it is "payable to the order of *himself*" and not of *herself.* The cashier of the bank, who testifies that he kept the books, and that deceased had $10,000 on deposit on May 1, 1889, and $5000 when he died, says: "The money can not be drawn on the certificate from the bank without its presentation, endorsed by the party in whose favor it is issued. I do not know who made the deposit, but think it was one Samuel Telford from evidence obtained since the deposit was made and since the death of the party. It is customary to obtain signatures of depositors when deposit is made. We have no signature of L. J. Patton — have no knowledge of or acquaintance with L. J. Patton   *   *   *   or our bank had no dealings with or knowledge of Miss Livonia J. Patton before the death of Samuel Telford."

Upon the trial the court refused all the instructions asked by both plaintiff and defendant, and gave one of his own motion, the third paragraph of which is as follows:

"If you believe from a preponderance of the evidence that Samuel Telford, on the 1st day of May, 1889, deposited in the First National Bank of Springfield, Mo., the sum of $2600 in the name of and for the use and benefit of the plaintiff, and received from the bank a certificate of deposit payable to the plaintiff, then such money and the certificate representing it would be the property of the plaintiff and she would be entitled to recover the possession of such certificate after demand."

Mr. Albert Watson and Mr. George B. Leonard, for the appellant:

In this case no gift will be declared for Telford as he has never so declared himself, and if he had made such a declaration he had never carried it into effect by delivery, without which there can be no gift. *Spencer* v. *Vener*, 57 Mo. 427; *Atkins* v. *Hulse*, 62 id. 577; *Doring* v. *Keegmore*, 86 id. 588; *Vogal* v. *Geist*, 20 Mo. App. 104.

Under the laws of Illinois a certificate of deposit is held to be a promissory note. *Bank of Peru* v. *Farnsworth*, 18 Ill. 565; *Laughlin* v. *Marshal*, 19 id. 390; *Hunt et al.* v. *Divine*, 37 id. 137.

And here Telford made this loan and took this promise to pay with six per cent interest — clearly a note.

This court has held that where a father took three promissory notes, payable one to each of his three daughters, which were delivered to and retained by the father until his death, never being delivered to the daughters, that these notes belonged alone to the father. *Fanning* v. *Russell*, 94 Ill. 386, which authority certainly is on all fours with this case and must control it.

"Personal chattels, bonds or choses in action may be subjects of disposal as gifts either *inter vivos* or *causa mortis*, but it is indispensable in every case that the thing intended to pass should be actually delivered." *Blanchard* v. *Williamson*, 70 Ill. 650; *Badgley* v. *Votrain*, 68 id. 25.

"But like anything else which does not lie in grant, but in livery, the title to a promissory note can only vest by its delivery to the payee." *First Nat. Bank of Centralia* v. *Strang et al.*, 72 Ill. 559; *Chamberlain* v. *Hopps*, 8 Vt. 94.

Actual delivery is necessary to complete a gift *donatio causa mortis*, and the delivery must be such as in case of a gift *inter vivos* would invest the owner with title. *Barnes* v. *The People*, 25 Bradw. 136; *Olney* v. *Howe*, 89 Ill. 556; *Williams* v. *Forbes*,

114 id. 171; *Pratt* v. *Trustees*, 93 id. 475; *Roberts* v. *Draper*, 18 Ill. App. 167; *Wilson* v. *Keller*, 9 Bradw. 347; 2 Kent, 439.

A gift *inter vivos* must be absolute and irrevocable, and the property must be delivered. *Roberts* v. *Draper*, 18 Bradw. 167; *Jackson* v. *Railway Co.*, 88 N. Y. 520; *In re Crawford*, 113 id. 560.

The question of gifts in connection with deposits in banks has of late years been frequently considered by the courts in various States. The preponderance of authority seems to be against the appellee in this case. See *Robinson* v. *Ring*, 72 Me. 140; *Burton* v. *Bank*, 52 Conn. 398; *Mercey* v. *Amezcen*, 61 N. H. 131; *Schick* v. *Grote*, 42 N. J. Eq. 352; *Scott* v. *Bank*, 140 Mass. 157; 8 Am. & Eng. Ency. of Law, tit. "Gifts," and the cases there cited in the notes.

Mr. F. F. NOLEMAN and Messrs. CASEY & DWIGHT, for the appellee:

When Samuel Telford deposited $2600 in the First National Bank of Springfield, Mo., and took therefor a certificate of deposit in the name of L. J. Patton, this was a delivery of the money, and the gift to the appellee was complete.

When a sum of money or other personal property is delivered to one person as a gift to another, it is not necessary to the validity of the gift that the donee shall assent thereto, as that will be presumed. *Forbes* v. *Jansen*, 6 Bradw. 395; Bishop on Contracts, sec. 352; *Morrison* v. *Kelly*, 22 Ill. 610; *Rawson* v. *Fox*, 65 id. 200; *Crocker* v. *Lowenthal*, 83 id. 579.

The deposit of the money was, in law, a complete delivery of the gift, and nothing more remained to be done to transfer the money, and it was not necessary to deliver the certificate to the appellee or give her charge of it. 1 Swift's Dig. 439.

When a party deposits money in a bank in trust for another and causes entries to be made in the bank's books in conformity, it raises the presumption that it was the money of the donee and not that of the donor; but, even if the money originally

belonged to the donor, this appropriation of it was sufficiently definite and complete to make it a gift. *Millspaugh* v. *Putnam* (N. Y.), 16 Abb. 380.

The deposit being in the name of L. J. Patton, and no other person being named as the payee, in the absence of proof to the contrary, it will be presumed to have been made for her use and benefit. *Howard* v. *Bank*, 40 Vt. 597; *Millspaugh* v. *Putnam*, *supra*.

Where a person deposits money in a bank in his own name as trustee for another, or in another's name and retains the voucher in his possession, and dies without giving the donee notice of the same, it is a complete and valid gift. *Martin* v. *Funk*, 75 N. Y. 134; *Minors* v. *Rodgers*, 40 Conn. 512; *Kerrigan* v. *Rantigan*, 43 id. 17; *Howard* v. *Bank*, 40 Vt. 597; *Millspaugh* v. *Putnam*, *supra*; *Gardner* v. *Merritt*, 22 Md. 78; *Devol* v. *Dye*, 123 Ind. 321; 1 Daniel's Negotiable Instruments sec. 24a; *Grangiac* v. *Arden*, 10 Johns. 293; *Grover* v. *Grover*, 24 Pick. 261.

The retention of the certificate, which was simply the voucher for the money, must be deemed to have been as trustee or agent for L. J. Patton, and was not inconsistent with the completeness of the gift, nor was notice to her necessary. *Martin* v. *Funk*, 75 N. Y. 134; 1 Daniel's Negotiable Instruments (4th ed.), secs. 24a and 24b; *Minor* v. *Rodgers*, *supra*.

It was not necessary that the appellee should have constituted the cashier of the bank her bailee or trustee, nor that she should have known of the intended gift or of the delivery in order to make it an effectual delivery to him as her trustee; the gift being beneficial to the donee, her acceptance of it is presumed until renounced. *Blasdel* v. *Locke*, 52 N. H. 238; *Darland* v. *Taylor*, 52 Iowa, 503; *Devol* v. *Dye*, *supra*; *Forbes* v. *Jansen*, 6 Bradw. 395.

Where a person deposits money in another's name in a bank, and he does not appear upon the bank records to be connected

with the deposit in any way, it is a much clearer case of gift than where he deposits the money in his own name as trustee for the donee. *Gardner* v. *Merritt*, 32 Md. 78; *Howard* v. *Bank*, 40 Vt. 597; *Smith* v. *Lee*, 2 N. Y. Sup. Ct. 291.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The questions of law in the case are raised by the third paragraph of the instructions given by the Court. There are no material facts in the record, except those recited in the statement preceding this opinion, which explain the reason why ·Samuel Telford procured the certificate to be issued in the name of L. J. Patton, or which tend in any way to solve the question whether the certificate belongs to the appellee, or to the administrator of the deceased.

The certificate of deposit may be considered either as a promissory note, or as the written evidence of a deposit, like a bank pass-book, or deposit-book.

We have decided, that a certificate of deposit, such as the one above set forth, " is, in fact and in law, a promissory note for the payment of money." (*Bank of Peru* v. *Farnsworth*, 18 Ill. 563; *Laughlin* v. *Marshall*, 19 Ill. 390; *Hunt* v. *Divine*, 37 Ill. 137). A promissory note is not the subject of disposal as a gift, either *inter vivos* or *mortis causa*, unless there is an actual delivery of it. (*Blanchard* v. *Williamson*, 70 Ill. 647; *Badgley* v. *Votrain*, 68 Ill. 25; *First N. Bank Centralia* v. *Strang et al.*, 72 Ill. 559). Here, if it be conceded that the note or certificate was payable to the order of appellee, there was no actual delivery of it to her; it never passed out of the possession of Samuel Telford and was found upon his person when he died. Title in the appellee cannot be supported upon the theory that there was a gift *causa mortis*.

There are three requisites necessary to constitute a *donatio causa mortis:* 1. the gift must be with a view to the donor's death; 2. it must have been made to take effect only in the

event of the donor's death by his existing disorder; 3. there
must be an actual delivery of the subject of the donation.
(1 Story's Eq. Jur. 607a; *Keniston* v. *Sceva*, 54 N. H. 24;
*Roberts* v. *Draper*, 18 Bradw. 167; *Barnes* v. *The People*,
25 Ill. App. 136; *Ridden* v. *Thrall*, 125 N. Y. 572). The
deposit was made and the certificate was issued on May 1,
1889; and, if there was any delivery, either constructive, or
in trust for the benefit of appellee, it must have taken place at
that time. There is, however, no proof tending to show, that
the deceased was then under the apprehension of death from
any existing disease or other impending peril. He lived for
more than eight months thereafter; and the record is barren
of any evidence whatever, that the certificate was to be opera-
tive only in the event of his death from a disorder existing
when the deposit was made. It follows, that there are lacking
the first and second requisites of a gift *causa mortis.*

Was there a gift *inter vivos ?*

It is essential to a donation *inter vivos*, that the gift be ab-
solute and irrevocable, that the giver part with all present and
future dominion over the property given, that the gift go into
effect at once and not at some future time, that there be a de-
livery of the thing given to the donee, that there be " such a
change of possession as to put it out of the power of the giver
to repossess himself of the thing given." (1 Parsons on Cont.,
marg. page 234; *Dole* v. *Lincoln*, 31 Me. 422; *Robinson* v.
*Ring*, 72 Me. 140 ; *Northrop* v. *Hale*, 73 Me. 66 ; *Grover* v.
*Grover*, 24 Pick. 261). The delivery must be made with the
intent to vest the title in the donee. (*Jackson* v. *Twenty-
third St. Ry. Co.*, 88 N. Y. 520). As a verbal gift is an exe-
cuted contract, delivery of the subject matter of the gift is of
the essence of the title. (*Grover* v. *Grover, supra ; Wilson*
v. *Keller*, 9 Bradw. 347). The delivery may be constructive, as
of a key, or of a part for the whole. (1 Pars. on Cont.,
*supra*). The delivery may be to a third person for the benefit
of the donee, instead of being made directly to the donee him-

self. (*Dole* v. *Lincoln, supra; Barnes* v. *The People, supra*). It has been held in some cases that, where there has been a delivery to a trustee for the benefit of the donee without the knowledge of the latter, acceptance by the donee is presumed, the gift being beneficial to him. (*Blasdel* v. *Locke*, 52 N. H. 238; *Darland* v. *Taylor*, 52 Iowa, 503 ; *Devol* v. *Dye*, 123 Ind. 321). A gift *inter vivos* is chiefly distinguished from a gift *causa mortis* by the facts, that the former is not made in view of expected or impending death, and that it is not revocable in its nature. (3 Pom. Eq. Jur., 1146 to 1150 and cases cited ; 8 Am. & Eng. Ency. of Law, 1313 to 1330).

It is not denied by the appellee, that there was no actual delivery of the certificate to herself as donee, but it is claimed in her behalf, that Telford delivered the money to the bank as a trustee for her, and that the certificate was the mere evidence of a deposit in her favor. It is to be observed, that there was no special deposit of money, as in *Devol* v. *Dye, supra*. The money deposited was mixed with the funds of the bank. The bank did not assume any obligation to return the same money which was deposited with it, but was liable only to pay $2600.00 in current funds. The bank thereby became a creditor, and executed its note for so much borrowed money and interest thereon. We cannot see, that the position of the bank is any different from that of a borrower of money, who gives a note for his debt, or from that of a purchaser of land, who gives a note for what he owes on account of purchase money. It cannot be said, that in such cases the borrower holds the money loaned to him in trust for the lender, or for the transferee of the note given to the lender; or that the purchaser of the land holds his indebtedness in trust for the seller, or for the party to whom the seller has assigned the purchase-money note. In *Fanning* v. *Russell*, 94 Ill. 386, where a father in his life-time conveyed land to his sons and took back notes payable to his daughters, but retained the possession of them himself and did not deliver them to his daughters, it was

said: "No doubt it was the intention of the father that his daughters should each have the benefit of one of the notes * * *, but so long as he retained the possession of such notes they were his own property, notwithstanding they were made payable to his daughters. Until the notes were delivered, it was his privilege to change his purpose and withhold the gifts he may have intended to make. The daughters had no vested interest in the gifts their father may have proposed to make them * * *. It does not appear the notes were ever delivered to the beneficiaries named, by the father holding them."

The case of *Cook* v. *Patrick*, 135 Ill. 499, does not conflict with the views expressed in the *Fanning* case. The main point decided in the *Cook* case was, that, where a person buys land and pays the consideration money, and takes the deed in the name of another, parol evidence is admissible to show that the real purchaser is not intended to be the beneficiary of the resulting trust, and to indicate who is the donee of the beneficial interest under such trust. There, an uncle bought land and took deeds in the names of his nephews and nieces, and loaned money and took notes and mortgages in their names, retaining possession of such deeds and notes and mortgages; but it appears, that he announced to the vendors and borrowers that he was buying the property or loaning the money for his nephews and nieces, and intended the land or money to be theirs. His acts in taking the deeds and notes in the names of other parties were accompanied by declarations evincing his intention to vest the title thereto in such parties. In the present case, there is no evidence that any declarations of any kind were made by Telford to the bank at the time of the deposit and issuance of the certificate or to any other persons at any other time. There is no proof, based upon either acts or words, that it was his intention to vest the title to the deposit, or the certificate, in L. J. Patton, except what appears upon the face of the paper itself. It is said in Daniel on Neg. Ins.,

sec. 24a (4th ed.) : "A certificate of deposit may also be the subject of a valid gift *causa mortis*, but it must be endorsed *and delivered* to the donee so as to vest in him complete title, or so delivered without endorsement as to create an equitable assignment of the fund it represents, divesting the donor of all control and dominion of it." (*Basket* v. *Hassell*, 107 U. S. 613; *Ames* v. *Witt*, 33 Beav. 619; *Westerlo* v. *Dewitt*, 36 N. Y. 340; *Emery* v. *Clough*, 63 N. H. 552).

In the absence of any proof of declarations made by Telford to the bank, and in the absence of any proof as to his intentions in obtaining the certificate, it cannot be said that he was ever wholly divested of control and dominion over the deposit so long as the certificate remained in his possession. The bank did not have the signature of L. J. Patton, and did not know who L. J. Patton was, but did know that Samuel Telford made the deposit, and had no reason to suppose, so far as the proof shows, that he may not have been merely calling himself by another name, or using another name, for some private purpose of his own.

Where a delivery is made to a third party, in order that the latter may deliver the subject of the gift to the donee as agent of the donor, the gift is not complete until there is an actual delivery to the donee; and, until the gift is completed by delivery, the donor can revoke the agent's authority and resume possession of the gift. (*Devol* v. *Dye, supra;* 8 Am. & Eng. Ency. of Law, page 1318). If in this case there was a gift to the bank as agent of the deceased for the purpose of a future payment or delivery to appellee, then as there was no payment or delivery to appellee before Telford's death, the authority of the bank was revoked by the death, and the gift failed for the want of completion and delivery. Where the delivery is to a third person as trustee for the donee, and not as agent for the donor, such delivery completes the gift and the death of the donor will not revoke it; but, to make out such a case, the circumstances should show a full relinquishment of dominion

over the property to the trustee for the purposes of the trust. (*Devol* v. *Dye, supra;* 8 Am. & Eng. Ency. of Law, page 1318, and cases cited). Such a full relinquishment is not shown by the circumstances in this case.

If the certificate of deposit be regarded as a mere voucher for the money deposited, of no higher grade as an evidence of indebtedness than the ordinary bank-book, it must still be held that the gift in this case was incomplete for want of delivery, though there is some contrariety among the decisions upon the subject of bank pass-books.

Where money is deposited in the name of a third person, but the deposit-book is retained by the depositor in his own possession without delivery to such third person, does the latter take title to the deposit? Some authorities answer this question in the negative, and others in the affirmative. Where the answer is in the affirmative, the proof must be clear that a gift was intended. The mere fact that a deposit is made in the name of a third person is not conclusive proof of a valid gift. In such case there must be further evidence of the depositor's intention to pass the title to the money. In some cases, where the deposit is made in the name of the depositor as trustee for a third person, the title has been held to pass, notwithstanding there was no delivery of the pass-book, on the grounds that the mode of entering the deposit amounted to a declaration of trust in favor of the donee, and the retention of the book was consistent with an intention to make a gift, inasmuch as the legal title remained in the depositor as trustee, although the beneficial interest had passed to the *cestui que trust.* (*Martin* v. *Funk,* 75 N. Y. 134; *Minor* v. *Rogers,* 40 Conn. 512). Where a deposit was made in the name of a guardian without delivery of a bank-book, but it appeared that the depositor at once informed the guardian that the money had been placed in the bank for the ward, it was held that there was a valid gift. (*Kerrigan* v. *Rantigan,* 43 Conn. 17). In *Gardner* v. *Merritt,* 32 Md. 78, the depositor accompanied the

acts of depositing with express declarations, that the money was put in the bank for the parties in whose names the deposits were made. The strength of the *Gardner* case is weakened by the subsequent case of *Taylor* v. *Henry*, 48 Md. 550, where "the fact of the supposed donor retaining control of the fund was considered as evidence to prove that no gift was intended." In *Grangiac* v. *Arden*, 10 Johns. 293, the gift was sustained on the ground that a delivery might be inferred by the jury from the declarations and acknowledgments of the donor. The case, which more nearly than any other sustains the position of the appellee, is *Howard* v. *Savings Bank*, 40 Vt. 597; but even there the deposit was treated by both the bank and the depositor as belonging to the party in whose name it was made, and there were peculiar provisions in the by-laws of the bank which placed the money beyond the control of the depositor.

We have thus reviewed a few of the cases, which hold that there may be a valid gift of the fund deposited, where the deposit is made in the name of a third party, although there has been no delivery of the deposit-book. A careful examination of these cases will show, that they are distinguishable from the case at bar. But we think that the weight of authority sustains the opposite view, namely, that, where the deposit is in the name of a third person, and there is no delivery of the bank-book, the title to the fund does not pass to such person in the absence of any declaration of trust, or circumstances showing an intention to vest the title. This subject has been recently reviewed in an exhaustive opinion by the New York Court of Appeals in the case of *Beaver* v. *Beaver*, 117 N. Y. 421. We concur in the views expressed in that case, which are supported by the authorities hereinafter mentioned. There, a father made a deposit in a bank in the name of his son and received a pass-book with a similar entry, which he kept in his possession until his death, it not appearing that, before his death, his son ever had possession of the pass-book, or knew of the deposits. The solution of the question, whether the de-

posit belonged to the son, or to the executor of the father's estate, is made to depend upon the question, whether there was a trust in favor of the son as to the money deposited, or a gift to him of such money. The court held, that there was no trust because there was no declaration of trust in terms at the time of the deposit or afterwards, and that none could be implied from a mere deposit by one person in the name of another; that to constitute a trust there must be either an explicit declaration thereof, or circumstances, showing beyond a reasonable doubt that one was intended to be created. Upon the subject of a gift the Court say : " The elements necessary to constitute a valid gift are well understood   *   *   *. There must be on the part of the donor an intent to give and a delivery of the thing given, to or for the donee, in pursuance of such intent, and on the part of the donee, acceptance   *   *   *. In case of bonds, notes or choses in action the delivery of the instrument which represents the debt is a gift of the debt, if that is the intention   *   *   *. The intention to give is often established by most satisfactory evidence, although the gift fails. Instruments may be ever so formally executed by the donor purporting to transfer title to the donee, or there may be the most explicit declaration of an intention to give, yet, unless there is delivery, the intention is defeated.   *   *   * We are of the opinion that there are lacking in this case two of the most essential elements to constitute a gift   *   *   * viz., an intent to give and a delivery of the subject of the alleged gift.   *   *   * The form of the account is the essential fact upon which the plaintiff relies. It may be justly said, that a deposit in a savings bank by one person, of his own money, to the credit of another, is consistent with an intent on the part of the depositor to give the money to the other. But it does not, we think, of itself, without more, authorize an affirmative finding, that the deposit was made with that intent, when the deposit was to a new account, unaccompanied by any declaration of intention, and the depositor re-

ceived at the time a pass-book, the possession and presentation of which, by the rules of the bank, known to the depositor, is made the evidence of the right to draw the deposit. We cannot close our eyes to the well-known practice of persons depositing in savings banks money to the credit of real or fictitious persons, with no intention of divesting themselves of ownership. It is attributable to various reasons; * * * the desire on the part of many persons to veil or conceal from others knowledge of their pecuniary condition. In most cases where a deposit of this character is made as a gift, there are contemporaneous facts or subsequent declarations by which the intention can be established, independently of the form of the deposit. We are inclined to think that, to infer a gift from the form of the deposit alone would, in a great majority of cases, and especially where the deposit was of any considerable amount, impute an intention which never existed, and defeat the real purpose of the depositor. * * * We think for the reasons stated that the plaintiff failed to establish a gift. * * * The question of gifts in connection with deposits of savings banks has of late years been frequently considered by the courts in various states. The preponderance of authority seems to be in favor of the views we have expressed." ( *Young* v. *Young*, 80 N. Y. 438 ; *Jackson* v. *Railway Co.*, 88 N. Y. 520 ; *In re Crawford*, 113 N. Y. 560; *Williams* v. *Guile*, 113 N. Y. 343; *Ridden* v. *Thrall, supra ; Robinson* v. *Ring*, 72 Me. 140 ; *Burton* v. *Bridgeport Savings Bank*, 52 Conn. 398; *Marcy* v. *Amazcen*, 61 N. H. 131 ; *Schick* v. *Grote*, 42 N. J. Eq. 352 ; *Scott* v. *Berkshire Co. Savings Bank*, 140 Mass. 157 ; 8 Am. & Eng. Enc. of Law, tit. " Gifts," pages 1324 to 1330 ; 5 Pom. Eq. Jur., secs. 1148, 1149 and notes ; *Brabrook* v. *Bank*, 104 Mass. 228 ; *Broderick* v. *Bank*, 109 Mass. 149).

Whether the instrument sought to be recovered in this case be regarded as a promissory note, or as a voucher for a bank deposit, the appellee has failed to establish a gift thereof to her-

self, or for her benefit, the proof failing to show either an intent to make a gift, or a delivery of the subject of the gift. We are of the opinion that the instruction as above quoted was erroneous. It ignores the subject of delivery. It leaves it to the jury to find whether or not the deposit was made for the use and benefit of the plaintiff, in addition to and separate from the finding as to whether or not such deposit was made in the name of the plaintiff. In this respect the instruction was not based upon the evidence, as there was no proof of a deposit for her use and benefit, in addition to or separate from the mere fact, that the name of L. J. Patton was inserted in the certificate. The instruction presents the question whether or not a trust was established in favor of the plaintiff, whereas the real question in the case was whether or not there was a gift to her. There was no evidence, either by way of a declaration or otherwise, from which the jury could be warranted in finding the existence of a trust

The judgments of the Appellate and Circuit Courts are reversed and the cause is remanded to the Circuit Court for further proceedings in accordance with the views herein expressed.

*Judgment reversed.*