## Harriett N. Taylor et al. v. Effie Harmison.

1. GIFTS—*Causa Mortis Defined.*—A gift *causa mortis* is a gift of personal property, made by a party in expectation of death, then imminent, upon the condition that the property shall belong to the donee in case the donor die as anticipated, leaving the donee surviving.

2. SAME—*Inter vivos*—A gift *inter vivos*, is one made without the expectation of death as a moving cause, and to its validity it is necessary that the thing given to the donee be delivered with such change of possession as to put it out of the power of the donor to repossess himself of it.

3. SAME—*Old Age Not Alone a Sufficient Causa Mortis.*—It is not sufficient merely that the donor, being an old man, realizes that in the natural course of things he must soon die; but it is necessary to the validity of a gift *causa mortis* that he at the time be stricken with some disorder that makes death imminent.

4. GIFTS—*Inter vivos—Essentials.*—To constitute a gift *inter vivos* it is essential that the gift take effect at once and completely. The donor must relinquish all present and future dominion over the subject-matter of the gift. If delivered to his agent to be subsequently delivered to the donee, he may at any time before the agent acts revoke his authority. His death before delivery revokes such authority.

**Proceedings in Probate**, for the recovery of assets. Appeal from the Circuit Court of Fulton County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

O. J. BOYER, attorney for appellants.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

On the petition of appellee, a person interested in the estate of Andrew J. Whitnah, deceased, Harriett N. Taylor, Joseph C. Whitnah, Anna Taylor and Evalyn Taylor were cited, under section 81 of the statute relating to the administration of estates, to appear before the County Court of Fulton County and disclose what notes, securities or other personal property, belonging to the estate of Andrew J. Whitnah, they had in their possession. Upon their filing answer denying that they had in their possession any notes, securities or other personal property belonging to said estate an issue was tried, resulting in the County Court finding that Harriett N. Taylor had in her possession, payable to deceased, one note executed by the Parlin & Orendorff Company for $1,333.33, one note executed by Abbott & Shepley for $6,000, two notes executed by G. W. Wilcoxen for $2,000 each, and one note executed by Harriett N. Taylor for $1,000; that Joseph C. Whitnah had in his possession one note executed by the Parlin & Orendorff Company for $1,333.33 and another note executed by Edward McBroom for $2,500; that Anna Taylor had in her possession two notes for $3,000 each and that Evalyn Taylor had in her possession one note for $1,192.65. The court found that all these notes were lawful assets of the estate of Andrew J. Whitnah and ordered them delivered into the possession of the administrator of the estate. From that order an appeal was prosecuted to the Circuit Court where a trial was had resulting in a finding and judgment substantially the same as in the County Court.

The contention on which appellants rely for a reversal is that the notes mentioned are gifts to them from the deceased.

The evidence in the record shows that Andrew J. Whitnah, a man over eighty years of age, desiring to make disposition of certain of his property which should take effect at his death, appeared at the office of Abbott & Shepley, at Canton, Ill., in whose safe he kept a tin box containing valuable papers, on the 30th of January, 1897,

and stated to Mr. A. J. Shepley that he desired to be his own executor as near as possible, and wanted delivered to certain of his heirs after his death the notes now in controversy. The notes designed for Harriett N. Taylor he placed in an envelope, which Shepley, under his direction, marked "Harriett N. Taylor;" and the notes designed for each of the other intended donees he placed in envelopes and had them marked by Shepley with their respective names. He then delivered the envelopes to Shepley, stating that he desired him to be custodian of them, and that if anything happened to him and he was planted, he wanted Shepley to deliver them to the respective donees and say that they were gifts from their father and grandfather. On the 10th of the following March the old man died and the notes were delivered to appellants by Shepley as directed.

Gifts of personal property are classified into gifts *causa mortis* and gifts *inter vivos*. A gift *causa mortis* is a gift of personal property made by a party in expectation of death, then imminent, upon the condition that the property shall belong to the donee in case the donor die as anticipated, leaving the donee surviving. A gift *inter vivos* is one made without the expectation of death as a moving cause, and to its validity it is necessary that the thing given to the donee be delivered, with such change of possession as to put it out of the power of the donor to repossess himself of it.

It is clear that the notes in question do not come within the class of gifts *causa mortis*. The attempted gifts were not made in expectation of death, then imminent. True, the deceased was at the time a very old man, and doubtless understood that he was very near the end of life's journey. But there is nothing in the evidence to indicate that he expected immediate dissolution from any disorder then fastened upon him. It is not sufficient merely that the donor, being an old man, realizes that in the natural course of things he must soon die; but it is necessary to the validity of this kind of a gift that he at the time be stricken with some disorder that makes death imminent. 1 Story Eq. Jur., Sec. 607; Willard Eq. Jur. 554; Telford v. Patton, 144 Ill. 611; Williams v. Chamberlain, 165 Ill. 210.

There was no such delivery of the notes as would constitute the gift valid, either as a gift- *causa mortis* or a gift *inter vivos.* We can not regard Shepley, while holding the notes as custodian, in any other light than as the agent of the deceased.

To constitute a gift *inter vivos* it is essential that the gift take effect at once and completely. The donor must relinquish all present and future dominion over the subject-matter of the gift. If delivered to his agent to be subsequently delivered to the donee, he may at any time before the agent acts, revoke his authority. His death before delivery revokes it. Telford v. Patton, 144 Ill. 611 ; Richardson v. Richardson et al., 148 Ill. 563.

It is evident that the deceased did not contemplate a present gift to appellants, for the words used by him to Shepley negative such intention. The envelopes were delivered to Shepley with instructions to him to keep them until something happened (meaning his death) and he was planted, and then to deliver them. There was nothing done to change the character of the ownership of the property. The notes were made payable to his order, some of them renewed that day, and yet they were placed in envelopes unindorsed and so remained up to his death. What was there to prevent the deceased at any time during the six weeks before his death repossessing himself of the notes? Had his intention been to invest appellants with present ownership in them he would have manifested such intention by proper indorsement. But his intention clearly was to make a testamentary disposition of the notes and it must be defeated because he failed to conform to the requirements imposed by the law.

The court below rightfully found that the notes in question are lawful assets of the estate of Andrew J. Whitnah, and the order directing their delivery to the administrator will be affirmed.