## William Shafer, Administrator, v. William S. Manning.

### Gen. No. 4,731.

1. JURISDICTION—*when Appellate Court will take, notwithstanding all parties do not appear to be before the court.* Notwithstanding the parties who will be affected by the judgment do not appear to be before the Appellate Court so as to be bound by its decision, the Appellate Court will nevertheless take jurisdiction if the appeal be from a judgment binding upon a party who is before the court by virtue of the appeal.

2. GIFT—*what essential to valid.* It is essential to a donation *inter vivos* that the gift be absolute and irrevocable, that the giver part with all present and future dominion over the property given, that the gift go into effect at once and not at some future time, that there be a delivery of the thing given to the donee, and that there be such a change of possession as to put it out of the power of the giver to repossess himself of the thing given.

3. GIFT—*when invalid by virtue of Statute of Wills.* Where a transfer is made by gift with a view to avoiding the transmission of property by will, it will be held ineffective and void.

Objections to administrator's report. Appeal from the Circuit Court of Ogle county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

FRED ZICK and J. C. SEYSTER, for appellant.

W. H. A. RENNER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the
court.

This is an appeal from an order entered in the Circuit Court of Ogle county. William Shafer is the administrator of the estate of his mother, Margaret
Shafer, deceased. Upon the filing of his final report
in the County Court, William Manning, appellee, filed
objections to the final report setting up that the administrator, William Shafer, had not inventoried or
accounted for eight promissory notes signed by the
eight children of Margaret Shafer. The County Court
overruled the objections and approved the final report.
William Manning, a son of a child of Margaret Shafer
who died before the notes hereinafter mentioned were
given, appealed to the Circuit Court of Ogle county
and after a trial an order was entered directing William Shafer, administrator, to file an additional inventory correctly describing each of the said notes or
instruments, and to list the principal sums and interest thereon as assets of the estate. William Shafer, as
administrator, excepted and perfected an appeal to this
court.

At first we had doubts whether we ought to take jurisdiction of this question after the principles laid down
in Lane v. Thorn, 103 Ill. App. 215, and the Mayrand case there cited, for the reason that the signers of
the notes in this case are not before this court so as
to be affected by this decision, so far as we know by
this record. We do not know from this record what
notice was given or whether any was given sufficient
to affect the several heirs personally. We have no
means of knowing from this record whether they appeared. We, however, conclude that the administrator
has a right to prosecute this appeal. There is a judgment against him for costs to be paid by him in due
course of administration. He is the maker of one of

these notes and he and his bondsmen certainly would be bound by the decision.

The notes in controversy are as follows, except that each note is signed by a different one of the children:

"$600.00.                    POLO, ILLINOIS, March 2d, 1900.

One day after date I promise to pay to the order of Margaret Shafer $600.00 at the banking house of Barber Bros. & Co., Polo, Ill., value received, with interest at 5 per cent. per annum, payable annually from date until paid. The principal of this note to be void if not collected before the death of said Margaret Shafer, but the accrued interest not to be void."

The evidence in this case is that Margaret Shafer received from her husband, George Shafer, the sum of $5,000. This sum she loaned to her son, George Shafer. Before the money was returned to her from George Shafer she talked about dividing the money, when she could get it back, among her eight children, giving each child $600. She told her son, William Shafer, frequently that she was going to divide the money and give each child $600 and the rest would have no part in it. When George Shafer paid her the sum of $5,000 she had the money put in the bank and had eight notes drawn up as above set out, and paid to each of the living children $600 or its equivalent, and took in return one of the above notes signed by each child. She told the children that they were to pay interest on the $600 at 5% during her lifetime, and then the money was to be theirs. After receiving these notes she turned them over to her son, Reuben Shafer, with whom she lived and who transacted most of her business for her, to care for them. She had the notes in her possession part of the time, and Reuben Shafer had the notes in his possession part of the time. Reuben Shafer kept the notes in a drawer to which Margaret Shafer did not have access, but she could get the notes at any time by asking him for them. A number of times before she died she told Reuben Shafer to send each of the notes to the children, who signed

them, after her death. The last thing she said before she died was that he should do this. About a month after her death he did deliver the notes to the signers.

The question arising upon the record in this case is whether or not the notes belonged to the estate or to each of the children that had signed them. The proof is lacking in all the elements necessary to constitute a gift *donatio causa mortis*. It is essential to a donation *inter vivos* that the gift be absolute and irrevocable; that the giver part with all present and future dominion over the property given; that the gift go into effect at once and not at some future time; that there be a delivery of the thing given to the donee; that there be "such a change of possession as to put it out of the power of the giver to repossess himself of the thing given." Telford v. Patton, 144 Ill. 620, and cases cited therein. The delivery must be made with the intent to vest the title in the donee. Applying this test to the evidence in this case it cannot be successfully contended that Margaret Shafer parted with all the present and future dominion over the notes or that the notes passed out of her power, for the evidence shows that she did repossess the notes a number of times. We are aware of the rule of law that a delivery may be made to a third person for the benefit of the donee, instead of being made directly to the donee himself, but this rule does not change the elements that go to make a donation *inter vivos*.

The evidence in this case shows positively that these notes were never delivered until after Margaret Shafer died, and though it was understood between her and her children that they would have the notes after her death, this agreement could in no way affect the law governing the transfer of property after death. It is our opinion that the transfer of the notes did not constitute to them gifts *inter vivos* or *causa mortis*. In order to sustain the transfer of the title to the notes under the evidence in this case it would be necessary that the instrument doing this should be in conformity

with the statute of wills. This was not done; consequently the transfer was ineffective and the notes are properly required to be listed as assets of the estate. "We think it may be declared a general rule, that if the intended disposition of property be of a testamentary character, not to take effect in the testator's lifetime, such disposition will be inoperative unless declared in writing, in conformity to the statute relating to wills." Comer v. Comer, 120 Ill. 428.

It is clear from the evidence that Margaret Shafer did not intend to give her children these notes until after her death, and it is certain that they were never delivered in fact to them until a month after her death, consequently this case falls within the rule above stated.

We are therefore of the opinion that the order of the Circuit Court is right and should be affirmed.

The order is affirmed.

*Affirmed.*