In the Matter of the Estate of Barbara Lukas, deceased.
John F. Devine, Administrator, Appellee, v. Lizzie Stepanek, Appellant.

### Gen. No. 17,547.

1. GIFTS—*evidence*. Certificates of deposit were not received as a gift *inter vivos* where the gift was conditional, as evidenced by statements of the donor and by the conduct of the donee in retaining such certificates for ten months, until the donor's death, without attempting to collect them, when she collected them, indorsing them as administratrix and presenting her letters of administration.

2. EVIDENCE—*inconsistent statements*. Where an administratrix claims securities as a gift from her intestate, her evidence given at the hearing in the probate court may be read in the circuit court

where it tends to show admissions and statements inconsistent with her claim.

Appeal from the Circuit Court of Cook county; the HON. H. STER-LING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed December 19, 1912.

NOVAK & POLLACK, for appellant.

LAWRENCE A. COHEN and LUCIUS J. M. MALMIN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

After the death of Barbara Lukas, Lizzie Stepanek, the appellant, claiming to be a daughter of the deceased, applied for and was granted letters of administration on her estate. She thereupon proceeded to collect the money on two certificates of deposit, one for two hundred dollars and the other for seven hundred dollars, which certificates had belonged to Mrs. Lukas. Lizzie Stepanek was afterwards removed as administratrix, and John F. Devine appointed administrator *de bonis non.* Appellant retained the money collected on the certificates of deposit, claiming that Mrs. Lukas in her lifetime had delivered the certificates to her as a gift. After hearing, the probate court ordered that she pay over this money to the administrator. Upon appeal to the circuit court the case was tried in that court without a jury, and the court held that the appellant had not received the certificates as gifts *inter vivos,* and entered judgment for the amount of money she had received thereon, that is nine hundred dollars, from which this appeal is taken.

There is little, if any, dispute about the facts. A witness with whom Mrs. Lukas had deposited the two hundred dollars testified that she said at the time, "If I live I shall pay the special assessment with that

two hundred dollars," referring to an assessment on some real estate belonging to her; and that she also said, "If I die the money shall go to Lizzie Stepanek." Appellant testified that when the certificates were delivered to her, Mrs. Lukas said: "The money is yours, and in case I need it you will have to give it to me; if I do not need it you will keep it."

The elements necessary to constitute a gift *inter vivos* have been clearly stated in Telford v. Patton, 144 Ill. 611 (620):

"It is essential to a donation *inter vivos*, that the gift be absolute and irrevocable, that the giver part with all present and future dominion over the property given, that the gift go into effect at once and not at some future time, that there be a delivery of the thing given to the donee, that there be 'such a change of possession as to put it out of the power of the giver to repossess himself of the thing given.' "

To the same effect is Selleck v. Selleck, 107 Ill. 389; Shafer v. Manning, 132 Ill. App. 570, and many other cases.

Examining the circumstances of the delivery of the certificates herein, it is at once apparent that Mrs. Lukas expressly reserved to herself the right to call for the return of the certificates whenever she might need them. This is wholly inconsistent with "such a change of possession as to put it out of the power of the giver to repossess himself of the thing given." That it was understood that Mrs. Lukas might at any time repossess herself of the certificates is evidenced by the conduct of the appellant in retaining them for ten months, with no attempt to collect the money until after the death of Mrs. Lukas. Furthermore, when she did collect the money she did so by presenting her letters of administration and endorsing the certificates as administratrix. Under the rule above announced and the evidence before us, we cannot conclude that the appellant received the certificates as a gift *inter vivos*.

Complaint is made of the ruling of the trial court

in the circuit court in permitting the testimony of appellant, given at the hearing in the probate court, to be read. Such testimony was competent as tending to show the admission by appellant and statements made by her inconsistent with her claim of a valid gift *inter vivos*. There was no error in this regard. In Wigmore on Evidence (vol. 2), sec. 1049, the rule is stated that such admissions "are receivable primarily because of their inconsistency with the party's present claim and irrespective of their credit as assertions; the offerer of the admissions, in other words, does not necessarily predicate their truth, but uses them merely to overthrow a contrary position now asserted." See also Robbins v. Butler, 24 Ill. 387.

The judgment of the circuit court will be affirmed.

*Affirmed.*