CALDWELL, *Administrator*, v. HAWKINS, *Public Administrator, Appellant.*

**Holt County Probate Court:** ITS JURISDICTION IN SETTLEMENT OF PARTNERSHIP ESTATE. Under the acts establishing the probate court of Holt county and defining its jurisdiction, (Acts 1866, p. 84, ?6; Acts 1870, p. 224, ?1,) that court had jurisdiction of a suit brought by the administrator of the individual estate of a deceased partner against the administrator of the partnership estate and the surviv-

ing partner, the object of which was to have an account taken, to have a receiver appointed for the partnership property pending the suit, and to have the property sold and the proceeds applied in payment of partnership debts as far as needed, and to have the surplus paid to plaintiff.

*Appeal from Holt Circuit Court.*—Hon. H. S. KELLEY, Judge.

REVERSED.

The other defendants alluded to in the opinion were Luman, the surviving partner, Jackson, who claimed some interest under Luman, the heirs of Warner, the deceased partner, and Ames, who was in possession of the property under an agreement with Luman, Jackson and the public administrator.

*Parish & Collins* for appellant, cited Acts 1866, p. 84, §§ 1, 6 ; Acts 1870, p. 224, §§ 1, 2; *Julian v. Ward,* 69 Mo. 153 ; *Dodson v. Scroggs,* 47 Mo. 285 ; *Cones v. Ward,* 47 Mo. 289 ; *Ensworth v. Curd,* 68 Mo. 282 ; *Titterington v. Hooker,* 58 Mo. 593 ; *Pearce v. Calhoun,* 59 Mo. 272 ; *Overton v. McFarland,* 15 Mo. 313; *Miller v. Woodward,* 8 Mo. 169.

*Heren & Son and W. W. Caldwell* for respondent.

Luman had taken possession of the mill, claiming one-half of same. Hawkins says, in his answer, that he did not know what interest the parties owned in said mill. Caldwell and the creditors claimed that Luman, and Jackson as his assignee, after the death of Warner, only owned one-third of said mill property ; that Luman and Jackson were wrongfully appropriating one-half the rents and profits, and were both insolvent; that said mill property was being destroyed, and being wasted. Under this state of facts, certainly no court except one clothed with general equity powers could try and determine the questions involved. The question of title to real estate was involved between the parties, and to be determined from

parol, and the equitable rights of the parties were also to be determined from the amount invested. The question of the application of rents and profits depended upon the equitable title and rights of the parties. Waste, insolvency of the parties in possession, were questions that involved, or might involve, the appointment of a receiver, as well as an accounting between the parties since the death of said Warner; all of which questions were cognizable only by a court exercising and clothed with general equity powers. The probate court, therefore, had not jurisdiction, and the circuit court had. *Ensworth v. Curd*, 68 Mo. 282; *First Baptist Church v. Robberson*, 71 Mo. 326; *Miller v. Woodward*, 8 Mo. 169; *Clark v. Henry*, 9 Mo. 339; *Coil v. Pitman*, 46 Mo. 51; *Presbyterian Church v. McElhinney*, 61 Mo. 540.

NORTON, J.—It appears from the record in this case that there existed in Holt county a partnership composed of George Warner and James Luman, under the name and style of Warner & Luman; that this partnership was engaged in the milling business and owned real estate and mill property; that said partnership was dissolved by the death of said Warner, and that plaintiff became the administrator of the individual estate of said Warner, and defendant Hawkins, as public administrator of Holt county, by virtue of an order of the probate court of said county, administered upon the partnership estate of said firm; that the said real estate and mill property constituted all the assets of said firm; that while both of these estates were thus in course of administration, the plaintiff, as the administrator of the undivided estate of said Warner, deceased, instituted this suit in the circuit court of said county against defendant Hawkins, public administrator in charge of the partnership estate, and the other defendants, for the purpose, as averred in the petition, of having an account taken, also of having a receiver appointed to take charge of the partnership property during the pendency of the suit, also of procuring an order for the sale of the said part-

nership property and the application of the proceeds, first to the payment of the partnership debts, and so much of the remainder to the administrator of the estate of said Warner as it might be entitled to. The circuit court entertained jurisdiction of the cause, appointed a referee to take an account, and, upon the coming in of his report, confirmed the same and directed a sale of the said partnership property to be made as upon execution, and certain dispositions to be made of the proceeds of the sale, which it is unnecessary here to mention, as it can in no way affect the determination of the question involved in the case.

The only question presented by the above facts is, whether the circuit court had jurisdiction to try the cause. That the circuit court had no such jurisdiction, and that its exercise was wholly unauthorized, is shown by sections 1 and 6, Acts 1866, page 84, sections 1 and 2, Acts 1870, pages 224, 225, and the cases of *Ensworth v. Curd,* 68 Mo. 282 ; *Pearce v. Calhoun,* 59 Mo. 272. The acts above quoted give to the probate court of Holt county exclusive jurisdiction over such matters as are embraced in the above statement, and the said court was invested with full power to do all that the circuit court was asked to do in the petition and which it assumed to do, and there is, therefore, nothing in the case presented in the petition calling for the exercise of the chancery power of the circuit court invoked in the case of the *First Baptist Church v. Robberson,* 71 Mo. 326. Judgment reversed, in which all concur.