WALTER *et al.*, *Appellants*, v. FORD.

1. **Donatio causa mortis**: BANK CHECKS. To constitute a valid *donatio causa mortis*, there must be actual delivery of the subject of the gift in the lifetime of the donor. Delivery to an agent with directions to him to deliver to the donee after the death of the donor, and if he should recover then to return the property to the donor, is insufficient.

Whether a bank check can be the subject of a *donatio causa mortis*, *quaere?*

2.  **Administration**: INVENTORY OF OMITTED PROPERTY. At any time before final settlement, the probate court has jurisdiction to compel the administrator to inventory any property of the estate which has been overlooked or omitted.

3.  **Practice**: SUPREME COURT. Where the trial is by the court, and there is no dispute as to the facts, matters of law necessarily passed on by the court in arriving at its conclusion are subjects of review in the appellate court, although no instructions were asked or given.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Rea, Heren & Son* for appellants.

There is no distinction between a donation *causa mortis* and any other parol gift in respect to the necessity of actual delivery. *Harris v. Clark,* 3 N. Y. 93, 113, 106; *Champney v. Blanchard,* 39 N. Y. 116. The transaction in the present case was an executory gift to take effect upon the death of the donor, and, as such, was void, because not authorized by statute. 2 Wag. Stat., p. 1367, § 21. The probate court had jurisdiction. Sess. Acts 1866, p. 84, §§ 1, 6; Sess. Acts 1870, pp. 224, 225; *Ensworth v. Curd,* 68 Mo. 282; *Pearce v. Calhoun,* 59 Mo. 271; *Titterington v. Hooker,* 58 Mo. 593; *Caldwell v. Hawkins,* 73 Mo. 450. Where the facts are admitted, this court will review the questions of law involved, although no instructions are asked by either party. *Gambs v. Ins. Co.,* 50 Mo. 44; *Waddell v. Williams,* 50 Mo. 216; *Wood v. Williams,* 61 Mo. 65.

*Charles F. Booher, W. W. Caldwell* and *Bennett Pike* for respondent.

Where one in apprehension of death delivers a thing to another, to be given by him to a third person after the death of the donor, and on such donor's death the thing is delivered accordingly to the donee designated, and accepted by him, this is a valid *gift causa mortis.* There was an ac-

tual delivery to a person for the use of the donees, an ex-
pectation of death, the death of the donor ensuing, a
subsequent delivery to the donees, and an acceptance of the
gift by them. *Sessions v. Moseley,* 4 Cush. 87; *Parish v
Stone,* 14 Pick. 198; *Phipps v. Hope,* 16 Ohio St. 586; *Craig
v. Kittredge,* 46 N. H. 57; *Busby v. Byrd,* 4 Rich. (S. C.)
Eq. 9. A delivery to a trustee for the use of a party to be
benefitted, is as effectual as a delivery to the party himself.
*Stone v. Hackett,* 12 Gray 227; *Kekewich v. Manning,* 1 DeG.
MacN. & G. 135; *s. c.,* 50 Eng. Ch. 176; *Miller v. Billingsly,*
41 Ind. 489. The probate court had no jurisdiction. *Sher-
wood v. Hill,* 25 Mo. 391. The questions of law involved
in the case cannot be reviewed, not having been raised by
instructions. *Weilandy v. Lemuel,* 47 Mo. 322; *Wilson v.
R. R. Co.,* 46 Mo. 36; *Easley v. Elliott,* 43 Mo. 289.

HENRY, J.—This was a proceeding in the probate court of
Andrew county by plaintiffs, who are heirs at law of David
Walter, to compel the administrator to inventory $4,000
as assets of said estate. The following are the facts upon
which they rely: On the 12th day of May, 1873, the de-
ceased, David Walter, requested Ford to fill up four checks
on the State National Bank for $1,000 each, payable, one
to Catharine M. Sigrist, one to Durham, one to Louisa
Gicke, and the other to Ed. Walter. These checks were
then signed by Walter, and delivered to Ford, with direc-
tions to him to deliver them to the parties in whose favor
they were respectively drawn, if he, Walter, should die,
but, if he recovered, to return the checks to him. Ford
held the checks until the death of Walter, which occurred
on the 21st of May, nine days after the checks were made,
and then delivered them to the payees thereof, who drew
the money on them at the bank.

The question is, were these valid as gifts *causa mortis?*
In the 2nd volume of his Commentaries, page 444, Chan-
cellor Kent says: " Such gifts are conditioned
like legacies, and it is essential to them that

1. DONATIO CAUSA
MORTIS: bank
checks.

the donor make them in his last illness or in contemplation and expectation of death; and, with reference to their effect after his death, they are good notwithstanding the previous will; and, if he recovers, the gift becomes void." Judge Story says: "To give it effect there must be a delivery of it by the donor, and it is subject to be defeated by his recovery, or escape from the impending peril of death." All the authorities agree that there must be an actual delivery of the subject of the gift by the donor. It only differs from a gift *inter vivos*, in that it is "defeasable by reclamation, the contingency of survivorship, or deliverance from peril." *Nicholas v. Adams*, 2 Whart. 17. Was there a delivery of the subject of the gift to the payees of the check, by Walter in his lifetime? His injunctions to Ford were that they were not to be delived unless the donor died, and were to be held by Ford to be redelivered to the donor, if he recovered. Ford was the agent of Walter and bound to obey his instructions, and so doing, could not have delivered the checks to any one while Walter lived. If they had been given to Ford to be held for the payees at all events, the authorities cited to show that a delivery to an agent or trustee of the beneficiaries is a sufficient delivery, would be in point, but that is not this case. The checks were given to Ford, not to be delivered in the lifetime of Walter, but after his death. It was in the nature of a testamentary disposition, and possessed none of the elements of a *donatio causa mortis*.

It is unnecessary to determine whether a *donatio causa mortis* can be made of checks on a bank.

The probate court had jurisdiction of the cause. *Overton v. McFarland*, 15 Mo. 313; *Caldwell v. Hawkins*, 73 Mo. 450. Ford had advertised his final set- tlement. On delivering the checks in question to the payees he required, and they executed to him, a bond of indemnity. The controversy could, with less delay and more appropriately, be determined on the final settlement, than in a suit on the bond. At any time be-

2. ADMINISTRATION: inventory of omitted property.

fore a final settlement, the probate court has jurisdiction to compel the administrator to inventory any property of the estate which has been overlooked or omitted.

Nor is there anything in the position taken by respondent's counsel, that this court cannot review the action 3. PRACTICE: su- of the circuit court, because no declarations preme court. of law were asked or given. The facts were not in dispute. There was no trial by jury, and the court could not have reached its conclusion without determining, as a matter of law, that on the facts, the gifts were *causa mortis*. The judgment, which was for defendant, is reversed and the cause remanded, to be proceeded with as herein indicated. All concur.