GOTTHILF M. TELLE, Administrator, Appellant,
v. JOHN C. ROEVER et al., Respondents.

St. Louis Court of Appeals. Submitted on Briefs April 7,
1911. Opinion Filed July 15, 1911.

1. GIFTS: Inter Vivos: Delivery: Retention of Use. A gift *inter
   vivos* will be upheld where there has been a complete transfer
   and delivery, beyond recall, of the object given, even though a
   power to direct future investments and to enjoy the usufruct for
   life is retained by the donor.

2. ———: ———: ———: Bills and Notes: Endorsement. Where
   a donor made a completed gift *inter vivos* of promissory notes
   payable to his order, it was not necessary that he endorse them.

3. ———: ———: Acceptance Presumed. An acceptance of the
   benefits of a gift *inter vivos* on the part of the beneficiaries will
   be assumed, although they were ignorant of its existence at the
   time.

4. ———: ———: Validity: Trusts. Decedent, a short time before
   his death, was the owner of three notes executed by a church
   congregation—two for $500 and one for $1000. He sent for the
   pastor and church treasurer and handed the notes to the treasurer,
   with the request that he destroy one of the $500 notes as a con-
   tribution to the church, and that the other two be used by the
   pastor and treasurer for certain other charities, to be paid out
   after decedent's death. As a part of the same transaction, he
   signed an instrument reciting that he freely intrusted to the pastor
   and treasurer the notes described, to be paid out in a specified

manner for the benefit of such charities. *Held*, that the gift was not a gift *donatio mortis*, but a gift *inter vivos*, in trust for the charities named, and that the trustees took a vested, enforcible interest in the trust fund which could not be defeated by the donor.

5. ———: Consideration. A gift requires no consideration to support it.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

Affirmed.

*Schnurmacher & Rassieur* and *Carl Otto* for appellant.

(1) Two essentials are necessary to make good a gift *inter vivos:* there must be an intention to give and there must be a complete, unconditional delivery. Both must concur; the one is not sufficient without the other. In re Estate of Soulard, 141 Mo. 642; McCord's Administrator v. McCord, 77 Mo. 166; Dunn v. German American Bank, 109 Mo. 90; Basket v. Hassell, 107 U. S. 602; Walter v. Ford, 74 Mo. 195; Spencer v. Vance, 57 Mo. 427. (2) When an attempted gift is incomplete, leaving the legal title in the grantor at the time of his death, such title passes to to the estate, and not to the beneficiary in the attempted gift. Greene v. Davis, 118 Mo. App. 636; Tye v. Tye, 88 Mo. App. 330;

*John C. Goebel* and *Wm. L. Bohnenkamp* for respondent.

REYNOLDS, P. J.—This is a proceeding which was instituted in the probate court of the city of St. Louis, under the provisions of sections 74 to 78, Revised Statutes 1899, now sections 70 and following, Revised Statutes 1909, by the administrator with the will

annexed of the estate of John C. Dorn, deceased, in which proceeding the administrator sought to recover from John C. Roever and Chris F. Drewes two certain promissory notes, one for $1000 and one for $500, the notes given by the trustee of Bethania Evangelical Lutheran Church, in St. Louis, to the order of John C. Dorn. On trial before the probate court, the issues were found for the administrator, and Roever and Drewes appealing to the circuit court, on trial there anew, judgment went in favor of those parties and against the administrator. From this judgment the administrator has duly perfected appeal to this court.

We have before us in the abstract of the record furnished by counsel for appellant, the opinion of the circuit judge, which was filed in connection with his judgment in the case. It covers the facts and the law so completely that it is unnecessary for us to do more than supplement it with a very few observations of our own, with this deviation, that instead of giving a summary of what may be called the trust agreement, that is, a paper executed by Dorn, as was done by the trial judge, we give that paper in full, setting it out in his opinion in place of the summary. That opinion is as follows:

"The administrator *d. b. n. c. t. a.* of John C. Dorn, who died about January 11, 1909, instituted statutory proceedings in the St. Louis Probate Court for the discovery of assets which he claimed were withheld by the respondents, John C. Roever and Chris F. Drewes. In answer to appropriate interrogatories, respondents disclosed that they do hold two notes of $500 and $1000, respectively, made by the church congregation of which respondent Drewes is pastor and respondent Roever treasurer, payable to said Dorn; and in answer to the seventh interrogatory set forth fully the grounds upon which they claim the legal right to said notes, the facts contained in said

answer being assumed by both parties as the basis of their several contentions.

Briefly stated, these facts are that Dorn (a member of the congregation in question), who was then sick, on September 26, 1908, called the respondents to his residence by telephone. When they arrived he explained that he entertained expectations of an early death, and that he had not contributed anything towards fixing up their church. He then took out of his desk three notes due him by the congregation, two for $500 each and one for $1000, and handed one $500 note to respondent Roever with the request to destroy it, thereby rendering that amount his contribution. No question is made as to the completeness and binding character of. that portion of the transaction. Proceeding, Dorn said that his children were all well taken care of, and that he had always thought of doing something for the orphans, the Altenheim and their hospital. So saying, he handed the remaining $500 and the $1000 note to respondent Roever and directed him to take them, after his death to pay them out, giving $500 to the Lutheran Orphan Home, $500 to the Lutheran Altenheim and $500 to the Lutheran Hospital. With Dorn's consent, the notes were turned over by respondent Roever to respondent Drewes for safe keeping, and then at the suggestion of said Drewes, Dorn divided the last named donation equally between said hospital and the 'Church extension fund.' When Drewes asked Dorn what should be done if he lived longer, the latter replied: 'Keep it, and pay it out after may death; I don't want the people to know that I am doing this;' and he enjoined them not to mention his act before his death. At the instance of respondent Drewes, Dorn then signed a document, which he gave to Drewes to be kept with the notes, and which is substantially in the following form:

" 'I, John C. Dorn, hereby freely intrust to John C. Roever and Christopher F. Drewes the following two

Telle v. Roever.

notes: one for $1,000 (one thousand dollars) dated St. Louis, Missouri, June 9, 1902, and one dated St. Louis, Missouri, January 21, 1905, for $500 (five hundred dollars), both notes having been given by Bethania Ev. Luth. Church, St. Louis, Missouri, and signed by the trustees of said church, viz: G. H. Lindhorst, president; Fr. W. Kuhlmann, secretary; J. C. Roever, treasurer; said two notes to be paid upon my decease to the following parties, as follows: Five hundred dollars to the Lutheran Orphanage at Des Peres, Missouri; $500 to the Lutheran Altenheim at St. Louis, Missouri; $250 to the church extension fund of the German Ev. Luth. Synod of Missouri, Ohio and other states; $250 to the Lutheran Hospital at St. Louis, Missouri.'

"Upon this showing, the administrator contends that the transaction between the deceased and respondents cannot be upheld either as a valid gift *inter vivos* or *causa mortis*, and that, at best, the testator's act amounted but to an attempted testamentary disposition, which is void for want of proper formality. Respondents contend that the gift was complete between living parties, irrevocable, and that postponement of its beneficial enjoyment, until after the donor's death and want of knowledge concerning the gift on the part of the beneficiaries does not affect its validity.

"After a full consideration of the question involved and an examination of the adjudicated cases, both those cited by counsel and others, I find myself unable to agree with the learned probate judge who decided this controversy in favor of the administrator.

"The crucial test of validity in these gifts must ever arise upon the question of a complete transfer and delivery of the object given; nothing short of such complete change of property and possession will satisfy the law; but when the transfer has been made beyond recall, the gift will be upheld, even though (as in the Soulard case) a power to direct future investments

and to enjoy the usufruct for life is retained in the donor.

"In fact, the case named (In re Soulard, 141 Mo. 643) seems to be determinative of every feature of the case at bar. No power of revocation whatever was reserved by Dorn, and there can be no doubt whatever that the delivery was complete. No necessity existed for indorsing the notes (20 Cyc., p. 1206), especially not where the parties intrusted with the duty of distributing the gifts were substantially also the representatives of the maker of the notes; and the acceptance of the benefits of this gift on the part of the beneficiaries will be assumed, although they were ignorant of its existence at the time. [20 Cyc., p. 1220; In re Soulard, supra, l. c. 662.]

Thus I am convinced that the donation made by the deceased, Dorn, was a present, completed gift, whereby the donor placed the object thereof beyond recall or change; but even if the word 'intrust' should be given a technical meaning, it is difficult to see how complainant would be aided in his contention. The delivery was to two persons who were to hold the same as trustees for a specific purpose, and not only was the use of the term 'intrust' (entrust) appropriate in that connection, but to that extent it makes this case stronger for the beneficiaries than was the Soulard case.

"'If a donor is empowered to create a valid gift, the enjoyment of the *corpus* of which is postponed till the donor's death, with a reservation of the usufruct to the donor until then, it would seem clear that he can make such a gift, postponing enjoyment of both *corpus* and income until he shall have died.' "

We will only add to what is so well said by the learned circuit judge, and as noticing the argument of the learned counsel for appellant, that while we hold that his decision in the case falls within the opinion of the Supreme Court In re Estate of Soulard, supra,

we do not think that the cases of Spencer and Husband v. Vance, 57 Mo. 427; Walter v. Ford, 74 Mo. 195; McCord's Admr. v. McCord, 77 Mo. 166; Dunn v. The German-American Bank, 109 Mo. 90, 18 S. W. 1139; Tye v. Tye, 88 Mo. App. 330; Greene v. Davis, 118 Mo. App. 636, 96 S. W. 318, so far as they fit the facts in this case, are antagonistic to that opinion. The gifts or donations referred to in those cases were not of the character of the one at bar. In the case at bar there is the creation of a trust by an entirely valid declaration of a trust and an instrument evidencing its terms. The trustees are named; the beneficiaries are named; the delivery of the notes, their transfer from their owner to the trustees named was a present delivery, a transfer *in praesenti;* the execution of the trust alone postponed until the death of the creator of the trust. The delivery of these notes to the trustees named was absolute, and the gift took effect at once and it was made during the life of the donor. It required no consideration to support it, for it was a gift, and no suggestion is made that any right of creditors or others deprived Dorn of the power to make a gift. It was a delivery of the notes to trustees named, in trust for a benevolent and charitable purpose—a valid purpose, the execution of the trust alone postponed until the death of the creator of the trust. The learned counsel for appellant concede that a third note, which the testator destroyed in the presence of Messrs. Roever and Drewes, did not pass to the administrator and that the debt evidenced by it was extinguished. That act by which that note was destroyed and the debt extinguished was no more a completed act than that by which these two notes were delivered over to the trustees named. These notes no more went into the estate of the testator nor passed to his executor or succeeding administrator than did the debt evidenced by the destroyed note. They were not a part of his estate at the time of his

decease, for during his life he had separated them from that, divested himself from all title and interest in them, reserving no right of future disposition of them by himself, and no right whatever in or to them passed to the executor or succeeding administrator. The transaction bears none of the indicia of a testamentary legacy. It was in no sense a gift *donatio mortis*, but a gift *inter vivos*. It was a gift accompanied by the present delivery of the notes to the trustees named. John C. Dorn placed the present and immediate ownership of the notes in those trustees, and absolutely beyond his own control, and parted with all title to them forever. The trustees took to hold in trust during the life of Dorn. On the death of Dorn, the trustees were to divide the trust property between named beneficiaries as directed. Those beneficiaries took a vested, enforcible interest in the trust fund, an interest not to be defeated by any act, even of Dorn himself.

Their enjoyment of the fund was postponed, but not the right to it. We see no reason to differ from the conclusion arrived at by the learned circuit judge. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.