## Sarah Lounsberry, Appellant, v. George Boger, Executor, Appellee.

### Gen. No. 6,028.

1. GIFTS, § 7*—*when delivery necessary.* In order to make a gift, either *inter vivos* or *causa mortis*, legally effective, there must be a delivery of the property donated during the lifetime of the donor.

2. GIFTS, § 13*—*when indorsement effectual as to delivery of note retained by payee until death.* An indorsement by the payee on the back of a note, that if not paid him during his lifetime it shall be paid to a designated indorsee, does not vest the latter with the title to the instrument where it was retained by the payee without delivery until his death to the former.

Appeal from the Circuit Court of Du Page county; the Hon. C. F. IRWIN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 15, 1915. Rehearing denied June 11, 1915.

BUNGE & HARBOUR, for appellant.

T. H. SLUSSER and S. L. RATHJE, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a replevin suit which was commenced by Sarah Lounsberry, appellant, in the Circuit Court of Du Page county against appellee, George Boger, as executor of the estate of Albert Smart, deceased, to obtain possession of five promissory notes, amounting in the aggregate to the sum of $4,550. The declaration in replevin contains also a count in trover. The pleas which appellee filed in defense of the suit were *non cepit* and *non detinet*, not guilty and property in the defendant and not in the plaintiff.

There was a trial by jury, and at the conclusion of all the evidence, on motion of appellee, the court direct-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ed the jury to find the appellee not guilty. The jury returned a verdict in accordance with the peremptory instruction. Appellant made a motion for a new trial, which was overruled and a new trial denied. The court rendered judgment on the verdict. Appellant thereupon prayed an appeal and brought the case to this court for review.

The matters assigned for error can all be disposed of in the determination of the question, whether or not the court properly directed the jury to find the defendant not guilty. It appears from the evidence that the deceased was a bachelor, who, at the time of his death, and for a number of years prior thereto, had lived in a house located on a farm which he owned. The appellant was his cousin, and kept house for him. The deceased left surviving him, as next of kin, two brothers and several children of a deceased brother or sister. At the time of his death, the notes in question in this case were locked in a tin box, with other valuable papers, including his will. This tin box was kept in a secretary, which he had in his bedroom and which he also kept locked. The keys for the lock on the secretary and on the tin box were on a ring, which the deceased was in the habit of carrying in his trousers pocket, and at the time of his death these keys were in the pocket of his trousers and the trousers were hanging in the bedroom, where he died.

Two days after the death of the deceased, his two brothers and two other men came to the house of the deceased to take charge of his effects. They inquired about the key to the secretary and were told by the appellant that the keys were in a pocket of the trousers of the deceased in the bedroom and the keys were found there and handed to appellant. She opened the secretary and took out the tin box and unlocked it. In the tin box were found the five notes in question, other valuable papers and the will of the deceased also some money in a pocketbook. The brothers, or one of

them, took possession of the contents of the box, and subsequently turned same over to appellee, as executor of the estate.

Appellant claimed the notes in question to be her property, and at the time in question, when the brothers were about to leave the house, she wanted one of the brothers, Henry Smart, to tell her what he was going to do about her notes and he replied that everything would have to be taken to Wheaton and adjusted there to which appellant made no objection.

Each of the notes in question was indorsed as follows: "If this note is not paid until my death, pay to the order of Sarah Lounsberry"; the indorsement being signed by the deceased. It also appeared in evidence that the deceased had told the makers of the notes, after his death to be sure and look for an indorsement on the back of the notes and to pay the notes to the party mentioned in the indorsement.

It is manifest from the evidence, that it was the wish of the deceased that the notes in question should become the property of the appellant, after his death; and that he did not deliver them to her in his lifetime. It is necessary, in order to make a gift, either *inter vivos* or *causa mortis,* legally effective, that there should be a delivery of the property donated in the lifetime of the deceased. *Telford v. Patton,* 144 Ill. 611. A transfer of the ownership of property, to take effect at the death of the donor, is, in effect, a testamentary disposition of such property, and to make such disposition valid, the statutory requirements concerning the execution of wills must be observed and carried out. Inasmuch as there was no delivery of the notes in question to the appellant, in the lifetime of the deceased, the ownership of the notes remained in the deceased, and was in the deceased, at the time of his death. The title to the notes, at the death of the deceased, passed to the appellee, as executor of his estate. And at the time of the commence-

Johnson v. Galesburg & Kewanee Electric Ry. Co., 193 Ill. App. 387.

ment of this suit, the appellee, as executor, held the legal title to, and the right to the possession of, the notes in question.

The court therefore properly instructed the jury to find the defendant not guilty and the judgment on the verdict should be affirmed.

*Affirmed.*