**In the Matter of the Estate of Emily C. Rusk, Deceased.**

**Emma C. Felter, Plaintiff in Error, v. Martha D. Erwin, Administratrix, Defendant in Error.**

**Emma C. Felter, Plaintiff in Error, v. Martha D. Erwin, Administratrix, Defendant in Error.**

1. GIFTS, § 15*—*when valid gift of certificate of deposit is made.* A valid gift of a bank certificate of deposit is made where the donor indorses the certificate on the back and gives it to the donee and tells her to keep it as her own property.

2. GIFTS, § 30*—*what constitutes a gift causa mortis.* A gift *causa mortis* is a gift of personal property in expectation of death from a present disorder or peril.

3. GIFTS, § 1*—*what constitutes a gift inter vivos.* In order to constitute a gift *inter vivos* it is essential that the gift be absolute and irrevocable; that the giver part with all present and future dominion over the property given; that the gift go into effect at once and not at some future time; that there be a delivery of the thing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

given to the donee, and that there be such a change of possession as to put it out of the power of the giver to repossess himself of the thing given.

4. GIFTS, § 9*—*what is effect of delivery to agent.* While a delivery of a gift may be made to a third party in order that the latter may deliver the subject of the gift to the donee as the agent of the donor, the gift is not complete until there is an actual delivery to the donee; and until the gift is completed by delivery, the donor can revoke the agent's authority and resume possession of the gift.

5. GIFTS, § 9*—*what is effect of delivery to trustee.* Where a delivery of a gift is to a trustee for the benefit of the donee, such delivery is good and the death of the donor will not revoke it.

6. GIFTS, § 9*—*when bank holds certificates of deposit as agent of donor.* A bank holds certificates of deposit as agent of the donor and not as trustee under an arrangement whereby it is authorized by the donor to hold certain certificates of deposit payable to the donor or another person or the survivor, in escrow, and in the event of the donor's death before that of the donee to pay the amount due on such certificates to the donee for her special use and benefit, even though the bank without authority pays the interest and parts of the principal to the donee before the death of the donor.

7. GIFTS, § 18*—*what constitutes a testamentary disposition and not gift.* A written instrument whereby the donor of certificates of stock, payable to the donor and donee, authorizes the bank issuing them and to which they are delivered, in the event of the donor's death, to pay the amount due to the donee for the latter's sole use and benefit, and signed by the donor and witnessed by one person, is a testamentary disposition, good only when made by a valid will.

Error to the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1916. Reversed with directions. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

**Statement by the Court.** Emily C. Rusk departed this life intestate on the 8th day of May, A. D. 1914, leaving surviving her, defendant in error, Martha D. Erwin, her daughter and now administratrix of her estate, and the plaintiff in error, Emma C. Felter, the only child of a deceased daughter, as her sole and only heirs at law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Emily C. Rusk at the time of her death, and had for a number of years prior to that time, resided in her own home in the City of Jerseyville. For more than thirty years her daughter, Martha D. Erwin, the defendant in error, and James Rhoads, the son of Martha D. Erwin by a former husband, had made their home with Emily C. Rusk and neither of them had paid any board nor in any way contributed to the expense of the maintenance of the home. Upon the death of Emily C. Rusk, Martha D. Erwin was appointed administratrix of her estate and asked for and was allowed an award in the sum of $750.

Plaintiff in error filed objections to the final report of the administratrix by which she objected to the allowance of the award to Martha D. Erwin and also because the administratrix had not accounted to the estate for certain moneys deposited in the State Bank of Jerseyville and evidenced by certain certificates of deposit.

The first certificate of deposit is as follows:

"The State Bank of Jerseyville.        No. 308.
        "Jerseyville, Ill., Novem. 2, 1905.

"This certifies that Mrs. Emily C. Rusk has deposited in this bank two thousand dollars ($2,000.00) payable to the order of herself or Mrs. Martha D. Erwin, or the survivor of either six months after date, with interest to maturity only at the rate of 3 per cent per annum on return of this certificate.

        S. H. BOWMAN, President.

"No interest after maturity.
"Certificate of deposit.
"Not subject to check."

The bank executed the following receipt:

        "Jerseyville, Ill., November 2nd, 1905.

"Received of Emily C. Rusk, time certificates of deposit No. 308 issued by the State Bank of Jerseyville, for the sum of two thousand dollars; said certificate of deposit is payable to Mrs. Emily C. Rusk or Martha

D. Erwin or the survivor, and in the event of the death of Emily C. Rusk before the death of Martha D. Erwin, the State Bank of Jerseyville is authorized by Emily C. Rusk to pay the amount due on said certificate of deposit to Martha D. Erwin.

The State Bank of Jerseyville.

By    S. H. Bowman.''

The second certificate, numbered 371, dated December 20, 1905, is for the sum of $600, and is otherwise in the same language as certificate 308. On this date Emily C. Rusk executed the following document:

"Jerseyville, Ill., Dec. 20th, 1905.

''To the State Bank of Jerseyville:

''You are authorized to hold your time certificates Nos. 308 for $2,000, and No. 371 for the sum of $600, both payable to myself or Martha D. Erwin, or the survivor, in escrow, and in the event of my death before the death of Martha D. Erwin, you are instructed to pay the amount due on said certificates to said Martha D. Erwin for her sole use and benefit.

EMILY C. RUSK.

''Witness,

S. H. Bowman.''

The bank on the same day executed the following receipt:

"Jerseyville, Ill., December 20th, 1905.

''Received of Mrs. Emily Rusk our time certificate No. 371 for the sum of six hundred dollars, payable to herself or Martha D. Erwin, or the survivor; said certificate of deposit is to be held in escrow, and in the event of the death of Mrs. Emily Rusk before the death of Martha D. Erwin, the amount due thereon is to be paid to said Martha D. Erwin.

The State Bank of Jerseyville,

By S. H. Bowman, President.''

The third certificate, numbered 1535, dated November 5, 1907, is for the sum of $1,200, and otherwise is in the same language as the others. On this day Emily C. Rusk executed a similar document and the bank

executed a similar receipt as the previous document and receipt executed December 20, 1905.

The fourth certificate, numbered 3478, dated December 22, 1909, is for the sum of $800, and otherwise is in the same language as the others. Emily C. Rusk on said date executed a similar document and the bank gave a similar receipt as the previous ones.

The fifth certificate, numbered 3483, dated December 24, 1909, is for the sum of $600, and otherwise is in the same language as the previous certificates but no document nor receipt was executed by Mrs. Rusk or the bank in regard to this certificate.

It was held by the court below that Martha D. Erwin was entitled to the award of $750, that the certificates of deposit mentioned were her individual property and were not assets of the estate of Emily C. Rusk, and the objections of plaintiff in error to the report of the administratrix were overruled. On the back of each certificate are indorsements of interest paid every six months, and the evidence shows that the interest was paid by the bank to Martha D. Erwin. On two occasions part of the principal was indorsed as paid on two of the certificates, which the evidence tends to show was paid by the bank to Martha D. Erwin. The bank had in its possession all of these certificates at the time of the death of Emily C. Rusk with the exception of the last certificate, numbered 3483, for the sum of $600, and the evidence tends to show that on the date of this certificate Mrs. Rusk indorsed her name on the back thereof, gave it to Mrs. Erwin and told her it was her's and the latter took the certificate and kept it as her own property.

FRED A. DU HADWAY, W. J. CHAPMAN and P. M. HAMILTON, for plaintiff in error.

THOMAS F. FERNS and SUMNER & REARDON, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

We have no doubt that by indorsing certificate No. 3483 and delivering the same by Mrs. Rusk in her lifetime to Mrs. Erwin with the assertion that it was Mrs. Erwin's property, a valid gift of the certificate from Mrs. Rusk to Mrs. Erwin was consummated. As to the other four certificates, however, no title ever passed to Mrs. Erwin.

Title to the certificates in Mrs. Erwin cannot be supported upon the theory that the transactions mentioned constituted gifts either *causa mortis* or *inter vivos*. A gift *causa mortis* is a gift of personal property in expectation of death from a disorder or peril then present. There is absolutely no evidence in the record to sustain the theory of gifts *causa mortis*. *Telford v. Patton*, 144 Ill. 611; *Rosenthal v. People*, 211 Ill. 306; *First Nat. Bank of Chicago v. O'Byrne*, 177 Ill. App. 473; *Lounsberry v. Boger*, 193 Ill. App. 384.

In order to constitute a gift *inter vivos* it is essential that the gift be absolute and irrevocable; that the giver part with all present and future dominion over the property given; that the gift go into effect at once and not at some future time; that there be a delivery of the thing given to the donee, and that there be such a change of possession as to put it out of the power of the giver to repossess himself of the thing given. *Telford v. Patton, supra.* A gift *inter vivos* is defined in 20 Cyc. 1192, as follows:

"A gift *inter vivos* is a contract which takes place by the mutual consent of the giver, who divests himself of the thing given in order to transmit the title of it to the donee gratuitously, and the donee who accepts and acquires the legal title to it. It operates, if at all, in the donor's lifetime, immediately and irrevocably; it is a gift executed; no further act of parties, no contingency of death or otherwise, is needed to give it effect."

While a delivery may be made to a third party in order that the latter may deliver the subject of the gift to the donee as agent of the donor, the gift is not complete until there is an actual delivery to the donee; and until the gift is completed by delivery, the donor can revoke the agent's authority and resume possession of the gift. If the delivery is to a trustee for the benefit of the donee, such delivery is good and the death of the donor will not revoke it. In the case of *Trubey v. Pease*, 240 Ill. 513, it was said:

"The law is well settled that title to personal property by gift may be passed by delivery of it by the owner to another as trustee for the donee. In such case, delivery to the trustee is deemed, in law, delivery to the donee, and divests the donor of all control over or right or title in the property, and the gift is irrevocable. When a trust has been perfectly created it is not revocable by the death nor at the will of the party who created it. (*Taylor v. Harmison*, 179 Ill. 137; *Telford v. Patton*, 144 id. 611; *Light v. Scott*, 88 id. 239; *Lawrence v. Lawrence*, 181 id. 248.")

Mrs. Rusk never lost dominion over or control of these certificates or the money represented by them. She could at any time before her death have revoked the written authority given to the bank to pay the certificates to Mrs. Erwin in the event that she should die before Mrs. Erwin did. Mrs. Erwin never acquired any right, title or interest in or to the certificates during the lifetime of Mrs. Rusk and never could have acquired any except in the event that Mrs. Rusk should die before she did. The bank did not hold the certificates as a trustee for Mrs. Erwin but simply as the agent of the donor. Some stress is laid upon the fact that some of the interest as it accrued was paid to Mrs. Erwin by the bank and that at two different times parts of the principal were paid to her as showing an intention on the part of the donor to pass title to the certificates to the donee. This contention has no force in view of

the evidence.   The bank had no lawful right to pay
Mrs. Erwin any part of the interest or principal until
after the death of Mrs. Rusk without express authority
from the latter to do so, and of this there is no evidence.
No action of the bank in violation of its authority could
change the character of the transaction.   The presi-
dent of the bank testified that Mrs. Rusk was not able
to go to the bank very often in the latter years of her
life and he thought he was paying the interest to Mrs.
Erwin as the agent of Mrs. Rusk, and this undoubtedly
was the case.   The fact that the word escrow was used
in the directions to the bank is of little or no impor-
tance, as the circumstances show that the certificates
were not in fact delivered in escrow.   It is practically
conceded by counsel for defendant in error that the
title of the defendant in error to these certificates can-
not be sustained on the theory that they were gifts
either *inter vivos* or *causa mortis.*   Counsel in their
argument state:   "We contend that there never was
any delivery in escrow; but that there was an absolute
present interest vested in Mrs. Erwin as of the date of
said certificates.   The interest vested in Mrs. Erwin
was either a joint tenancy with Mrs. Rusk; or, Mrs.
Rusk and Mrs. Erwin were tenants in common for life,
with a contingent limitation to the survivor."   If this
proposition should be entitled from any point of view
to serious consideration, it would at least be dependent
upon a valid delivery of the certificates.   So long as
Mrs. Rusk had control and dominion of the subject of
the gift and the power of revocation, Mrs. Erwin could
acquire no rights whatever therein.   The whole trans-
action shows clearly that Mrs. Rusk was attempting to
make a testamentary disposition of her property with-
out the formality of a will.

In the case of *Barnum v. Reed,* 136 Ill. 388, it was
held:

"If the gift does not take effect as an executed and

completed transfer to the donee, either legally or equitably, during the life of the donor, it is a testamentary disposition, good only when made by a valid will. (*Basket v. Hassell*, 107 U. S. 602; *Comer v. Comer*, 120 Ill. 420; *Cline v. Jones*, 111 Ill. 563; *Walter v. Ford*, 74 Mo. 195; *McCord v. McCord*, 77 id. 166; *Gano v. Fisk, supra* [43 Ohio St. 462].")

In *Taylor v. Harmison*, 179 Ill. 137, it was held:

"If the intended gifts did not take effect as executed and completed gifts, but were to be completed by delivery after his death, it would be an attempted testamentary disposition of the notes. In order to complete the gifts it was necessary that there should be a delivery by which Whitnah parted with all control over the notes, reserving no right to reclaim or repossess himself of them. Such a delivery must be absolute, and the donor must part with all his present and future interest and control over the property. (*Barnum v. Reed*, 136 Ill. 388; *Telford v. Patton*, 144 id. 611; *Williams v. Chamberlain*, 165 id. 210.")

Plaintiff in error has not argued the assignment of error in regard to the allowance of the award to Mrs. Erwin, and it must be considered as waived. The judgment of the Circuit Court is reversed with directions to enter an order in accordance with the opinion herein expressed. The costs are taxed against Martha D. Erwin in her personal capacity.

*Reversed with directions.*