IN RE ESTATE OF MARGARETHA LINDHORST, deceased, EDWARD LINDHORST, Executor, Appellant, v. EMMA WERNER, Respondent.*

St. Louis Court of Appeals.   Opinion Filed February 3, 1925.

1. **GIFTS: Inter Vivos: Not Taking Effect During Lifetime of Donor: Testamentary Disposition: Wills.** If a gift does not take effect as an executed or completed transfer to the donee of possession and title, either legal or equitable, during the lifetime of the donor, it is a testamentary disposition, good only if made and proved as a will.

2. ——: ——: **Delivery: Without Right of Recall: Valid.** To constitute a valid gift *inter vivos*, there must be an actual delivery of the subject of the gift to the donee, or to some one for the donee, in the lifetime of the donor, and such delivery must be made with the intention on the part of the donor to part absolutely with the present and future dominion and control over the subject of the gift.

3. ——: ——: ——: **Bills and Notes: Evidence: Notes Endorsed by Donor and Placed with Bank in Trust for Donee: Completed Gift.** In an action involving the title to certain promissory notes payable to decedent, evidence that payee endorsed them placing upon each note over signature the endorsement usually employed to transfer the title to such paper, and delivered them to a bank, and accepted a receipt for the notes from the banker declaring that they were to be delivered at her death to a named donee, and shortly prior to such delivery decedent told others that she had given the

notes to donee, and that they were in the bank, and that the interest would be paid over to donee, and after she delivered the notes to the bank she made no demand at any time for their return to her, gave no further instructions concerning their disposition and made no attempt to exercise any further control over them, *held* a completed gift to the bank in trust for the benefit of donee, the subject of the gift to be held in trust for her and delivered to her by the bank at the death of the donor, and was not testamentary in character but a valid gift *inter vivos*, passing the title presently from the donor to the donee in trust.

*Headnote 1. Gifts, 28 C. J., Section 11; Wills, 40 Cyc., p. 1091; 2. Gifts, 28 C. J., Sections 23, 24, 30, 35; 3. Wills, 40 Cyc., pp. 1085, 1090.

Appeal from the Circuit Court of St. Louis County.—
*Hon. G. A. Wurdeman*, Judge.

AFFIRMED AND REMANDED.

*Coffman & Jackson* for appellant.

A gift to be valid must be completed by delivery during the lifetime of the donor; thereafter it cannot be completed for her by anyone, for if she contemplates such completion after her death, the transaction is necessarily testamentary in character. Dunn v. German American Bank, 109 Mo. 90; Walter v. Ford, 74 Mo. 195; McCords, Adm. v. McCords, 77 Mo. 166; Tomlinson v. Ellison, 104 Mo. 105; Basket v. Hassell, 107 U. S. 602; Rood on Wills and Gifts Causa Mortis, chap. 2, secs. 20, 26.

*Ralph & Baxter* and *J. C. Kiskaddon* for respondent.

(1) Where the donor repeatedly declared his intention to make a certain gift, subsequent admissions that he had made the gift are sufficient evidence of an actual delivery to complete the title to the donee. 28 Corpus Juris, page 682; Alger v. Bank, 146 Mass. 418; Caldwell v. Wilson, 29 S. C. L. 75; Blake v. Jones, 8 S. C. Eq. 141; Grangiac v. Arden (Kent), 10 Johnson, 292, 293. (2) What constitutes a gift *inter vivos* and wheth-

er or not there is sufficient evidence to be submitted to the jury on the question of a gift *inter vivos* is for the court to decide. Where the question depends upon inferences to be drawn from a variety of facts and circumstances in the consideration of which there is room for a substantial difference of opinion among intelligent, upright and reasonable men, then the question should be submitted to the jury under appropriate instructions although there is no conflict in the testimony. 28 Corpus Juris 683. (3) The fact that the note was in possession of the donor at her death, is to be considered, but the fact is not decisive. Bone v. Holmes, 195 Mass. 495. (4) The fact that the donor collected the interest and executed an extension in his own name on one of the notes does not affect a gift once made. Martin v. Martin, 170 Ill. 18. A complete gift *inter vivos* of a promissory note to one who had lived and served many years in the donor's family is shown where he indorsed and gave it to the donee, and told her he had done so, although she allowed him to retain it as her agent and protector and it was found among his papers. Royston v. McCullery, 52 L. R. A. 899, 59 S. W. 725. Where the owner of a bond made a memorandum in writing stating "I hereby give and make over to Dr. Morris an India bond No. D. 506" and delivered the memo to the donee, but retained the bond, there was held to be a declaration of trust in favor of the donee, which entitled him to the bond. Morgan v. Malleson, 10 Equity (Eng.) 475, 25 A. L. R. 663; Fulton v. Fulton, 48 Barb. (N. Y.) 581. The fact that the donor has retained possession of the note is not conclusive that there has been no completed gift, the possession of the donor may be entirely consistent with ownership by the donee. Sheppard v. Sheppard, 164 Mich. 183; Walker v. Crews, 73 Ala. 412; Burkett v. Doty, 176 Cal. 89; Beaumont v. Beaumont, 81 C. C. A. 251; Hynes v. White, 47 Cal. App. 549; Hageman v. Hageman; Grover v. Grover, 24 Pick. 261; Gannon v. McGuire, 160 N. Y. 476; Bottle v. Knocker, 35 L. T. N. S. (Eng.) 545. (5) Where a note is handed to a third person for the use of the donee in

pursuance of the donor's intention to make a gift, the person to whom delivery is thus made will be presumed in the absence of countervailing circumstances to take the property as trustee for the donee. Martin v. McCullough, 136 Ind. 331. (6) A delivery to a third person with direction to deliver to the donee upon the death of the donor is a sufficient delivery. Telle v. Roever, 159 Mo. App. 115; Wyble v. McPheeters, 52 Ind. 393; Grant Trust and Saving Co. v. Tucker, 49 Ind. App. 345; Hagerman v. Wigent, 108 Mich. 192; Sheldon v. Button, 5 Hun. (N. Y.) 110; Carlan v. Ryan, 133 N. Y. Supp. 629; McDonald v. McDonald, 35 N. S. 205; Hunter v. Hunter, 19 Barb. (N. Y.) 631.

SUTTON, C.—This action involves the title to two promissory notes. The notes were made payable to the decedent, Margaretha Lindhorst. One of the notes was executed by her son, Edward Lindhorst, for $400, and the other by her daughter, Emma Werner, for $253. On October 10, 1921, the decedent delivered these notes to the Lemay Ferry Bank. At the time of such delivery the notes were endorsed in the handwriting of the decedent, as follows:

"Pay to the order of Emma Werner.
"Margaretha Lindhorst."

Concerning this transaction John L. Crecelius, cashier of the bank, testified:

"In October, 1921, Mrs. Lindhorst came into the bank and gave me these two notes endorsed by her, stating that she wanted to leave them there for safe-keeping, but in case of her death the bank was to turn these papers over to Emma Werner. Mrs. Lindhorst never at any time thereafter demanded these papers back or gave any further or other instructions as to the disposal of them. The endorsement, 'Pay to the order of Emma Werner,' signed 'Margaretha Lindhorst,' was on the back of each of the notes when delivered to me. Each endorsement, including the signature of Mrs. Lindhorst, is in her handwriting. At the time Mrs. Lindhorst gave the notes to

me she told me to take them and keep them and that after her death I should turn them over to Emma Werner. The only thing she said was that I should hold them and turn them over to Emma Werner after her death. At the time she turned the notes over to me I gave her a receipt for them.''

This receipt was introduced in evidence and is as follows :

"October 10, 1921.

"Received of Margaretha Lindhorst, note of Edw. Lindhorst, due demand, $400.00—2-23-19.

"Note of Emma Werner, due one year, $253.00—8-9-21.

"To be held by us for safe keeping. To be delivered at death of Margaretha Lindhorst to Emma Werner.

"LEMAY FERRY BANK

"J. D. CRECELIUS.''

Claire A. Lackey, who intermarried with a grand-daughter of the decedent, testified:

"Mrs. Lindhorst died March 7, 1922. Prior to her death she lived with her daughter, Emma Werner. In September, 1921, Mrs. Lindhorst visited my home and I had a conversation with her there concerning two certain notes, one of them executed by Emma Werner and the other by Edward Lindhorst. Mrs. Lindhorst said to me she wanted to give these two notes, Ed's note and Emma's note, to Emma. Four or five weeks later, about the latter part of October, I had another conversation with Mrs. Lindhorst at my home and she told me that she had given Emma these two notes and she said they were then in the Lemay Ferry Bank, that they were being taken care of there, and the interest would be turned over to Emma.''

The cause was tried to the court without a jury. The court found for the appellant, and gave judgment accordingly. The respondent moved for a new trial on the grounds, (1) that the finding and judgment is contrary to the undisputed evidence in the cause, (2) that the finding and judgment is contrary to the law ap-

plicable to the evidence, and (3) that under the law and the evidence the judgment ought to have been in favor of the respondent. The court sustained the motion for a new trial, "for the reason that the judgment is against the law," and ordered that a new trial be granted. From this order of the court granting a new trial, the cause has been appealed to this court.

Appellant insists that the evidence is insufficient to uphold a judgment in favor of the respondent, and that, therefore, the court erred in sustaining the respondent's motion for a new trial.

It is urged that the evidence conclusively shows that the attempted disposition of the notes in question is testamentary in character and that the court should so declare as a matter of law.

It is familiar doctrine that if a gift does not take effect as an executed or completed transfer to the donee of possession and title, either legal or equitable, during the lifetime of the donor, it is a testamentary disposition, good only if made and proved as a will. To constitute a valid gift *inter vivos* there must be an actual delivery of the subject of the gift to the donee, or to some one for the donee, in the lifetime of the donor. Such delivery must be made with the intention on the part of the donor to part absolutely with the present and future dominion and control over the subject of the gift. The delivery must be made without reservation of any right of recall. In this case the evidence tends to show just such a delivery. Shortly prior to the delivery of the notes to the bank, decedent told Mr. Lackey that she intended to give these notes to Emma, and shortly after she delivered the notes to the bank she told him she had given the notes to Emma, that the notes were in the bank, that they were being taken care of there, and that the interest would be turned over to Emma. She told the banker when she left the notes with him that he should hold them and turn them over to Emma after her death. She placed upon each note over her signature the endorsement usually employed to transfer the title to such paper, and accepted a receipt

for the notes from the banker declaring that the notes were to be delivered at her death to Emma. After she delivered the notes to the bank she made no demand at any time for their return to her, gave no further instructions concerning their disposition, and made no attempt to exercise any further control over them.

There can be no question that this evidence strongly tends to show a completed gift to the bank in trust for the benefit of Emma Werner, the subject of the gift to be held in trust for her and delivered to her by the bank at the death of the donor. Under the authorities a gift so made is not testamentary in character. It is a valid gift *inter vivos,* passing the title presently from the donor to the donee in trust. [Telle v. Roever, 159 Mo. App. 115, l. c. 121, 139 S. W. 256; Grant Trust & Savings Co. v. Tucker, 49 Ind. App. 345, l. c. 352; Wyble v. McPheters, 52 Ind. 393, l. c. 397; Hagerman v. Wigent, 108 Mich. 192, l. c. 193; Carlon v. Ryan, 133 N. Y. Supp. 629, l. c. 632; Hunter v. Hunter, 19 Barb. 631; In re Estate of Soulard, 141 Mo. 642, 43 S. W. 617; Harris Banking Co. v. Miller, 190 Mo. 640, 89 S. W. 629; In re Kelley v. Kelley, 213 Mo. App. 492, l. c. 507, 255 S. W. 1064; Grangiac v. Arden, 10 Johns. 292, l. c. 293; Alger v. Bank, 146 Mass. 418; Bone v. Holmes, 195 Mass. 495; Caldwell v. Wilson, 2 Speers (S. C.) 75; Blake v. Jones, Bailey Eq. (S. C.) 141.]

The Commissioner recommends that the order of the circuit court granting a new trial be affirmed and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The order of the circuit court granting a new trial is accordingly affirmed and the cause remanded. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.